### GOVE vs. WHITE.

*Estoppel as to boundary line — Repugnant instructions.*

1. To estop A from denying a boundary line orally agreed upon between him and B, it is not necessary that he should have intentionally made false statements to B, by which the latter was induced to put improvements on his (A's) land; nor that, *knowing his rights,* he should have agreed to a line by which he relinquished a part of his land to B; but he is estopped where, *understanding that there is uncertainty about the true line,* he agreed to the one fixed, and allowed B to erect valuable improvements, which B would lose but for such estoppel.

2. Where, after correct instructions have been given, others are given repugnant thereto, that is ground for a reversal of the judgment.

APPEAL from the Circuit Court for *Waukesha* County.

Ejectment. Defendant claimed the land under the plaintiff, through several *mesne* conveyances; and the dispute was as to the proper boundaries. Reference is made to a report of the decision of this court upon a former appeal (20 Wis. 425–437), where the terms of *Gove's* deed are described, and the boundaries of the strips of land here in dispute are stated. That report will also show the evidence relied upon at the first trial as showing an estoppel against the plaintiff; and this evidence was repeated in

substance at the subsequent trial. The decision of this court upon the present appeal turns entirely upon certain instructions given by the circuit court to the jury; and these are sufficiently stated in the opinion. Verdict for the plaintiff; new trial denied; and judgment upon the verdict; from which the defendant appealed.

*S. A. Randles*, for appellant, cited 44 Barb. 218; 3 Hill, 219, and authorities there cited; 6 N. H. 107; 11 id. 102; 1 Me. 117; 4 Serg. & Rawle, 241; 14 id. 267.

*E. S. Turner*, with *Levi Hubbell*, of counsel, for respondent.

PAINE, J. The court, in its general charge, stated the law correctly, as to an estoppel growing out of a voluntary settlement of a disputed boundary line between adjoining land owners, and the erection of improvements on the faith of such settlement. It told the jury, that, in order to estop the plaintiff, "he must have understood *that there was an uncertainty about the true line*, and that he was agreeing and assenting to the line fixed upon; and if it appears that he did so agree, and knew that the defendant afterward built his fence upon the line thus fixed, and put up valuable improvements, without objecting, he would clearly be estopped from denying that the line agreed on was the true line." But this being the correct law upon that subject, the fifth instruction asked by the plaintiff, and given, being repugnant to it, must be erroneous. That instruction was as follows: "The conversation and acts of the plaintiff, *Gove*, will not estop him from claiming in this action all the land to which he has a legal title, as against the defendant, *White*, unless it is shown by the evidence either, first, that said *Gove* falsely and intentionally made statements to *White*, which induced *White* to make improvements on said *Gove's* lands, believing it to be his own; or second, that said *Gove*, knowing his rights in the premises, deliberately and voluntarily agreed with said *White* to fix upon a boundary line between his land

and said. *White's* land, and to relinquish the land on *White's* side of said line, entirely and forever to said *White*."

It is obvious that the two grounds of estoppel contained in this proposition are different from, and the latter is repugnant to, the one stated in the general charge. The first one rests upon intentional false statements, an element not involved in a voluntary adjustment of a disputed boundary line, where both parties feel that there is an uncertainty about the true line. The second required that the plaintiff should have known his rights, and deliberately have agreed to give them up. This is plainly repugnant to the proposition in the general charge, that "the plaintiff must have understood that there was an uncertainty about the true lines," because his rights were measured by the true line. Indeed, it is the fact that there is a dispute, and an uncertainty in the minds of the parties as to the true line, that gives to such voluntary agreements fixing a boundary that binding character which has induced the courts so steadily to uphold them.

As this instruction was incorrect in telling the jury that there could be no estoppel except upon one or the other of the two grounds stated in it, the judgment must be reversed, and a new trial had.

*By the Court.* — Judgment reversed, and a *venire de novo* awarded.