## CONRADT VS. SIXBEE.

21 383
76 651

*New trial: newly discovered evidence.*

1. Motions for a new trial on the ground of newly discovered evidence are received with great caution.

2. When such newly discovered evidence consists of admissions or declarations of a party, there should be a reasonable probability that it would produce a different verdict, or a new trial should not be granted.

3. In view of all the facts in this case, the court does not think it probable that a different verdict would be rendered if a new trial should be granted, and therefore affirms the order refusing it. DIXON, C. J.

APPEAL from the Circuit Court for *Jefferson* County.

Action to recover balance due for 122 days' work alleged to have been done for the defendant between May 1st and October 29th, 1864. Answer, that plaintiff had labored for defendant only 53 1-2 days, for which he had been fully paid. It was claimed that the remainder of the time named in the complaint, plaintiff was in the employ of one John Kimball, and not of defendant. Plaintiff testified in accordance with the complaint; while the testimony of defendant and said John Kimball sustained the allegations of the answer. Verdict for the plaintiff; and a motion for a new trial on the ground that the verdict was against the evidence, denied. Afterwards, during the same term, defendant, on his own affidavit and that of Abraham Kimball, moved for a new trial on the ground of newly discovered evidence. Defendant's affidavit states, in substance, that after the trial he learned from Abraham Kimball for the first time that plaintiff had had a conversation with him (said Abraham) sometime in June or July, 1865 (before the commencement of this action), about the matter here in controversy; that plaintiff wanted Abraham to use his influence to persuade his son John Kimball to settle with plaintiff and pay him the balance due him for work done for said John in 1864; that in this coversation and others which plaintiff had with said Abraham, plaintiff gave the latter to understand

that defendant had paid him all that was due from him for work done in 1864, and that his claim was against John Kimball.—The affidavit of Abraham Kimball states that he has read that of defendant; that he had the conversations with plaintiff set forth therein; and that at those conversations plaintiff made the representations there stated. Plaintiff filed a counter-affidavit, denying that he ever made any such statements to Abraham Kimball, and alleging that he did have a conversation with said Abraham, in which he stated to the latter that *Sixbee* was indebted to him (affiant) in the sum of $135 for labor performed for said *Sixbee* during 1864; that he had been endeavoring to prevail on *Sixbee* to pay him, but the latter refused, alleging as a reason therefor that John Kimball would not consent to it, and *Sixbee* had told affiant that if John Kimball would give his consent, he (*Sixbee*) would pay affiant; that affiant further told said Abraham that *Sixbee* and John Kimball were confederating together to cheat affiant out of his just dues, and that *Sixbee*, as a pretense for not paying affiant, asserted that John Kimball would not give his consent, and affiant therefore asked said Abraham to go to his said son, and prevail on him, if possible, no longer to allow himself to be used as a tool by said *Sixbee* in cheating men out of their just dues, &c., &c.

The motion was denied; and defendant appealed.

*Gerrit T. Thorn*, for appellant.

*I. W. & G. W. Bird*, for respondent.

COLE, J. It is familiar doctrine that motions for a new trial on the ground of newly discovered evidence are received with caution. And when such newly discovered evidence consists, as in this case, of admissions or declarations of a party, there should be a reasonable probability that such evidence would produce a different verdict, before a new trial should be granted. In view of all the facts of this case, we do not think it proba-

ble that a different result would be obtained if another trial should be had.  5 S. & R., 41; 6 Greenl., 479; 6 Pick., 114.

*By the Court.*—The order of the circuit court is affirmed.

DIXON, C. J., dissents.