## ⊛Newton vs. Gardner.

*Replevin*: *Possession of chattel awarded to one of two tenants in common.— What mistake in verdict not fatal.*

1. Where, in replevin, the verdict finds plaintiff and defendant to be tenants in common of the property, it may still award the possession to one of them, if the evidence shows an agreement to that effect between them.
2. Where the possession was awarded to defendant, plaintiff cannot complain that the jury found the value of the defendant's interest in the property to be less than the proof showed it to be.

APPEAL from the Circuit Court for *Dane* County.

Replevin, for a stallion colt, alleged to be worth $200. The defense was, that defendant was in possession of the colt under an agreement between him and plaintiff, by which defendant was to break the colt, and use him as a stallion and racer, and, after the races at the state fair in 1867, was to sell him and retain one-half the proceeds, and as much more as might be necessary to pay for his time, care and expenses bestowed upon the colt. The answer admits the value of the property as alleged in the complaint.

The jury found the defendant entitled to the posses-

sion of the property ; that the allegations of his answer were true ; that the value of the property was $200, and the value of defendant's interest therein, $50. Plaintiff moved for a new trial, on the ground that the verdict was contrary to the evidence and inconsistent with itself; and read in support of the motion certain affidavits containing new evidence upon a question as to which there was a conflict of testimony at the trial. The nature of the evidence will appear from the opinion. The motion was denied ; and plaintiff appealed from a judgment on the verdict.

*A. B. Braley* (with *George B. Smith* of counsel), for appellant, argued that the verdict was inconsistent with itself, and contrary to the pleadings and evidence, in respect to the extent of defendant's interest ; that it was erroneous in awarding the exclusive possession to one of two tenants in common ; and that a new trial should have been granted on account of the newly discovered evidence ; citing on the last point, *Fabrilius v. Cock*, 3 Burr. 1771 ; Gra. & Wat. on N. T. 499, 1047 ; *Guyott v. Butts*, 4 Wend. 579 ; 5 Cow. 106 ; 20 Conn. 305, 306.

*Wm. F. Vilas* and *Welch & Kissam*, for respondent.

COLE, J. The jury found that the plaintiff and defendant were tenants in common of the colt. This being so, it is claimed by the counsel for the plaintiff that the jury had no right to award the exclusive possession of the property to the defendant, because each tenant has an equal right to the possession. Concede that, in the absence of any agreement in respect to the possession, one tenant in common of a chattel cannot claim exclusive control or possession of such property, yet it is perfectly competent for the parties to change this rule of law. They may surely agree that one tenant shall have the possession to the exclusion of his co-tenant. And this, doubtless, is what the jury found from the evidence was done in this case — that the plaintiff

and defendant had agreed that the latter was to have the possession of the colt. There was certainly evidence in the case from which the jury might have properly so found. The defendant himself states that the agreement between him and the plaintiff was, that the defendant was to keep possession of the colt, to fit him and run him, and that the plaintiff was not to have any thing to do about it. If such really was the agreement between the parties (and the jury were undoubtedly satisfied from the evidence that it was, since they found that the defendant was entitled to the possession of the property), then it was obviously proper to award exclusive possession of the colt to the defendant.

Another objection taken to the verdict is, that it is contrary to the facts admitted in the pleadings, and outside the issues made by the parties ; inasmuch as the jury find the value of the personal property to be $200, and that the value of the interest of the defendant in the property was only $50. It is said to be conceded in the complaint, answer and testimony, that the value of the colt was $200, when, according to the defendant's claim, if he had any interest in the animal, it was just one-half its value. But, in view of the understanding in regard to the possession, it is very evident that such possession would not be changed whether the defendant's interest was to the extent of $50 or $100. Upon what ground, then, can the plaintiff complain that the verdict is more favorable to him than the evidence would warrant ? This, it appears to us, is a sufficient answer to that objection, without stopping to speculate as to how the jury happened to reach the result, that the value of the interest of the defendant in the property was only $50.

. A still further point insisted upon is, that the plaintiff was entitled to a new trial on the ground of newly discovered evidence. This evidence related to what actually took place before Justice Green upon the trial of a former suit between these same parties. In the present

case, the plaintiff testified that, when he took away the colt from the defendant's possession, he gave the defendant five dollars to pay him for his trouble and expense in keeping the colt. He denied that this five dollars was paid upon another account, and said that he did not testify on the trial before Green that the five dollars were paid "for the use of his old stallion for my mare." The justice, however, testifies that in the said suit before him the plaintiff did swear that this five dollars were paid for the use of his horse. The newly discovered evidence tended to corroborate the testimony of the plaintiff, and contradict that of the justice. But whether this sum was paid to compensate the defendant for taking care of the colt, or not, seems to us quite an unimportant circumstance. And even if this newly discovered evidence had been offered on the trial, there is no reasonable probability that the verdict would have been different. See *Conradt v. Sixbee*, 21 Wis. 383.

*By the Court.* — The judgment of the circuit court is affirmed.