## J. L. BARTON, Respondent, v. EMMETT BRUNDAGE, Appellant.

### Springfield Court of Appeals, May 8, 1922.

1. **TENANCY IN COMMON: In a Proper Case Replevin May be Maintained by One Joint Owner Against Another.** If joint ownership is all that is shown, replevin will not lie by one joint owner against another, but, when such a relation exists as to entitle one to the possession of the property to the exclusion of the other, replevin may be maintained.

2. **BAILMENT: Lienor May Retain Possession of Property to Pay for Services.** Any person who has a lien on chattels for work and labor done thereon may retain possession of the chattel until paid for his services.

3. ———: **Lienor Can Replevy Property Wrongfully Taken by Owner.** If an owner wrongfully takes possession of his property on which there is a lien, the lienor may replevy and force a return of the property until the lien is discharged.

4. **ANIMALS: Lienor Caring for Stock May Maintain Replevin Against Owner.** When plaintiff was to take care of hogs for half their increase, he was entitled to a lien on all their increase, and to possession of it until paid, and, when the hogs were wrongfully taken by their owner, could replevy them.

5. **APPEAL AND ERROR: Instruction to Find for Plaintiff, if Hogs Taken Were Less than Half Increase of Drove, Held not Prejudicial.** Where plaintiff cared for hogs of defendant for one-half their increase, on defendant's wrongfully taking them, plaintiff could replevy all of them, and an instruction that, if hogs taken under a writ of replevin were less than half the increase, to find for plaintiff, was not prejudicial to defendant.

6. **ANIMALS: Instructions in Replevin for Increase, Held Erroneous.** In replevin by plaintiff, who had cared for defendant's hogs for half their increase, instructions making a division of the increase necessary before replevin could be maintained were erroneous, since plaintiff's right to maintain the action depended on the terms of agreement between parties.

Appeal from Texas County Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Lamar & Lamar* for appellant.

Under the undisputed facts plaintiff cannot recover herein. Where two parties each own an undivided interest in live stock, or are joint owners therein, neither can maintain replevin against the other. It is essential in replevin that plaintiff at the time the suit is filed be entitled to the exclusive right to the immediate possession, and such action will not lie against one having a joint interest in such property. Pulliam v. Burlingame, 81 Mo. 111; Farmers Saving Bank v. American Trust Co., 196 S. W. 35, 37; Stockman v. Galt State Bank, 126 Mo. App. 665, 668; Bryant v. Dyer, 96 Mo. App. 455.

*Barton & Impey* for respondent.

(1) "A person having a special interest or ownership in property entitling him to possession may maintain replevin even against the general owner." 34 Cyc. 1390 and cases cited; R. S. 1919, sec. 2072, and cases cited; Sowden v. Kessler, 76 Mo. App. 581. If he has such interest and right to possession, replevin will not be defeated by the fact that he and others are jointly interested, if such joint interest is subject to such special interest and right. DeSpain v. Coley, L. R. A. 1917C 1111; Fines v. Bolin, 54 N. W. 990; 34 Cyc. 1393 and note 997; 23 R. C. L. 869, et seq.; 24 Am. & Eng. Enc. Law (2 Ed.) 493. (2) Plaintiff undoubtedly had an agister's lien on all these hogs for their keep and was entitled to retain them until his compensation, whether in cash of in kind, was paid. R. S. 1919, sec. 7250; Bank v. Snyder, 85 Mo. App. 82; Tower v. Smith, 86 Mo. App. 490; Birmingham v. Carr, 196 Mo. App. 411. And when defendant wrongfully obtained possession, replevin was the proper remedy. State to use v. Shevlin, 23 Mo. App. 598; 34 Cyc. 1392.

COX, P. J.—Action in replevin for seventeen hogs. Verdict and judgment for plaintiff and defendant has appealed.

It is agreed that plaintiff had rented and resided on a farm belonging to defendant and had the charge and care of six sows and the increase from them. Defendant was going away and plaintiff was to remain on the farm until defendant should return. This suit is to recover one-half of the increase of the six sows. Plaintiff contends that the agreement between him and defendant was that plaintiff should care for and feed the six sows and their increase and as compensation therefor, was to have one-half of the increase. That plaintiff was to make the division by marking one-half of the increase with his own mark and the other half with the mark of defendant. That the first litter of pigs came in June, 1920, and from these he reared six and had divided and marked these six pigs before this suit was filed. The other pigs were born in November and December. Of these he reared twenty-nine and they had not been marked when defendant returned. When plaintiff moved away, defendant refused to allow him to take any of the hogs. Plaintiff then brought this suit in replevin for seventeen hogs being one-half of the increase of the six sows except one hog. When the writ of replevin was served, the hogs were divided by plaintiff and a Mr. Jones. Plaintiff contended that defendant consented at that time for Mr. Jones to represent him and help divide the hogs. Jones was given the first choice and plaintiff took the next until plaintiff had seventeen. This left eighteen for defendant that were not taken under the writ. The seventeen selected by plaintiff in the division were taken under the writ and turned over to plaintiff and held by him until the trial.

The defendant admitted that the farm had been rented by him to plaintiff and that plaintiff, while living on the farm, had possession of the hogs in controversy but denied that plaintiff was to have any interest in the increase or that plaintiff had any interest of any

kind in the hogs and denied that he ever consented to a division of them.

Appellant contends that his demurrer to the testimony should have been sustained because all the testimony shows that if plaintiff had any interest in the hogs, they had not been divided before this suit was filed and therefore on plaintiff's testimony he and defendant were joint owners of the hogs and one joint owner cannot maintain replevin against another. Generally speaking that proposition of law is correct. If the joint ownership is all that is shown, replevin will not lie by one joint owner against another for each is as much entitled to the possession as the other. The action of replevin, however, is a possessory action, and even as between joint owners, such a relation may be created as to entitled one to the possession of the property to the exclusion of the other and when that is true, replevin may be maintained by the one entitled to possession against the other joint owner. [23 R. C. L. 870; Cobbey on Replevin (2 Ed.) sec. 234; Newton v. Gardner, 24 Wis. 232; Gnosdenovic v. Harris et al. (Ok.), 134 Pac. 28; De Spain v. Colley (Ok.), 162 Pac. 756.]

If plaintiff's version of the agreement between him and defendant was the correct one, then plaintiff had the right to retain the possession of all the increase from the six sows left in his charge by defendant until the division was made. If it be true that plaintiff was to have one-half of the increase for caring for and feeding the hogs and was himself to make the division, he would certainly have the right to retain the possession of the hogs to be divided until the division was made. It is familar law that any person who has a lien on chattels for work and labor done thereon may retain possession of the chattel until paid for his services. It necessarily follows that if the owner should wrongfully take possession of the property, the party entitled to the lien and who had been wrongfully deprived of the possession may maintain replevin against the owner and force a return of the possession to him until the lien is dis-

charged.  A joint owner with whom the other joint owner has agreed that he may hold possession and make a division of the property should be in the same position as the lienor.

Another view of this case leads to the same result. The plaintiff in this case, if his theory of the facts is correct, was to have one-half of the increase for his services in caring for the property.  We see no reason why he should not be entitled to a lien on all the increase and by reason thereof be entitled to the possession of it all until he was paid for his services by a division of the property the same as he would have been if he had been employed to feed and care for them for a stipulated sum of money and was holding possession until that sum should be paid.  Our conclusion is that the demurrer to the testimony was properly overruled.

Error is assigned in giving and refusing instructions.  No. 1 for plaintiff was in line with what we have already said and closed with the charge that if the hogs taken under the writ of replevin were less than one-half of the increase, the jury should find for plaintiff.  If the jury should find that plaintiff's version of the agreement between him and defendant was correct, then as already stated, plaintiff was entitled to the possession of all the increase and defendant cannot be injured by the court limiting recovery to one-half.

Instruction No. 2 applied only to the increase that had been marked by plaintiff while in his possession before the suit and was not erroneous though unnecessary.

Defendant testified that after the writ had been served and seventeen of the increase taken away, that he marked in his own mark the eighteen that were left. On this testimony, the court gave Instruction No. 3 for plaintiff as follows: "The Court instructs the jury that although you may believe from the evidence that the hogs in question had not been divided and at the time of the institution of this suit neither plaintiff nor defendant was entitled as against the other to maintain replevin

Barton v. Brundage.

for the property sued for, yet if you further find and believe from the evidence that the plaintiff at the institution of this suit was entitled to one-half of the thirty-five head of hogs and the defendant to the other half thereof, that the Constable under the writ of replevin issued in this case divided such hogs, leaving in the possession of the defendant one-half or more thereof and that thereafter the defendant accepted such division and marked and claimed as his property the half so left with him, then he cannot defeat this action by reason of the joint ownership of such property.''

The following instruction was given at the request of defendant: ''The Court instructs the jury that under the law replevin will not lie by one joint owner against the other joint owner of personal property, and although you may find and believe from the evidence that the plaintiff, Lon Barton, was entitled to an undivided one-half interest in the hogs, mentioned by the witness, yet if the defendant, Brundage, was the owner of the other one-half interest and said hogs had not been divided and were in the possession of the defendant Brundage at the time this action was filed, then your finding should be for the defendant.''

These instructions were both erroneous because they made a division of the increase of the sows necessary before replevin could be maintained by plaintiff. Plaintiff's right to maintain the action did not depend upon a division having been made before or after suit was filed but depended upon the terms of the agreement between plaintiff and defendant. If the agreement were found by the jury to have been as plaintiff testified to it, then he was entitled to recover whether a division had or had not been made. If defendant's version of the agreement was the correct one, then plaintiff could not recover at all and defendant's action in marking the hogs left in his possession by the constable would not affect his rights.

The only instructions that should have been given in this case were No. 1 for plaintiff which told the jury

that if they found the agreement to be as plaintiff contended and that he had performed it on his part, he should recover and the converse of this for defendant. All the others given were unnecessary and the two set out above were both erroneous but the jury must have accepted plaintiff's version of the contract as correct or they would not have found for him and we do not think the erroneous instructions influenced the verdict.

What we have said will make it unnecessary to discuss the refused instructions.

Judgment affirmed. *Farrington, J.,* and *Bradley, J.,* concur.