# CASES

IN THE

# SUPREME JUDICIAL COURT,

IN THE

COUNTY OF KENNEBEC, MAY TERM, 1836.

---

## ISRAEL HERRIN *vs.* JOSEPH EATON, SOLOMON EATON *and* CHARLES F. PAINE.

One tenant in common of a personal chattel may maintain an action against his co-tenant, by whom such chattel was received as a common carrier, and by whose negligence and carelessness it was destroyed.

Where the declaration alleges, that the three defendants received from the plaintiff a personal chattel, to be safely carried to a market, and that the boat in which it was put to be transported, was filled with water through the carelessness and negligence of the defendants, and that the property was thereby lost; and the defendants in a plea in abatement state, that the same property, at the time it was *lost and destroyed*, was owned by the plaintiff and two of the defendants, as tenants in common; *held*, on general demurrer, that it sufficiently appears, that the property was destroyed.

THIS was an action of *trespass* on the case. The first count alleged, that the defendants, being common carriers between *Clinton* and *Hallowell*, received from the plaintiff, on board their boat, to be safely carried, 758 bushels of oats, to be delivered at *Hallowell*; and that the defendants did not deliver the same, but carried them in so negligent and careless manner, " that the boat was filled with water, and the oats were lost." The second count was in *trover* for the oats.

The defendants filed a plea in abatement, stating in substance, that at the time when " the oats mentioned in the plaintiff's writ and declaration were lost and destroyed," the said *J. & S. Eaton* were owners and jointly interested in the same oats, and ought to

have been made plaintiffs in the writ with *Herrin*. To this plea in abatement the plaintiff replied, that " prior to the loss, destruction and conversion of said oats" by the defendants, the plaintiff and the said *J. & S. Eaton* were jointly interested, as tenants in common, in said oats, and that the said *J. & S. Eaton* afterwards entered into the business of common carriers with said *Paine*, " and said oats were lost, destroyed and converted by them, as mentioned in the plaintiff's declaration. To this replication the the defendants demurred, and the plaintiff joined in demurrer. The case was argued in writing.

*Boutelle,* in support of the demurrer.

It is clearly established law, that where an action is brought for an injury to an indivisible chattel, all the owners must be joined, though the nonjoinder can only be taken advantage of in abatement. 1 *Saund. R.* 291, note *f; Thompson* v. *Hoskins,* 11 *Mass. R.* 419. The replication attempts to avoid the facts stated in the plea by alleging that the *Eatons* were tenants in common with the plaintiff in the oats before they became common carriers, and undertook to carry them with *Paine,* and insists that this is a severance. But *Paine* has done no act, which will enable the plaintiff alone to maintain an action against him, and recover of him one third or one sixth of the value. *Sedgworth* v. *Overend,* 7 *T. R.* 278; *Holland* v. *Weld,* 4 *Greenl.* 255. But as the plaintiff has a count in trover, it is said the action may be maintained by the plaintiff against his co-tenants for an injury to the common property. But if the action can be maintained, it is only against the defendants in their character of common carriers. The action arises *quasi ex contractu,* and thence it is, that in an action against a common carrier, though framed in case, the defendant may plead in abatement the nonjoinder of the other owners. *Buddle* v. *Wilson,* 6 *T. R.* 369; *Powell* v. *Layton,* 2 *New R.* 365 ; *Max* v. *Roberts, ibid,* 454. But if the plaintiff could maintain his action of trover against the *Eatons,* as his co-tenants, for an injury to the common property, still it cannot be maintained on that ground against *Paine,* for he never had any ownership in the oats. It cannot be maintained against the *Eatons.* One tenant in common cannot maintain tro-

ver against a co-tenant, unless it shall appear, that the defendant has destroyed the common chattel, because each in law has a right to the possession. If one tenant in common forcibly take the chattel owned in common from his co-tenant, trover will not lie. 2 *Starkie's Ev.* 1495. It is said, that justice requires that this action should be maintained. There are many cases, where the parties are so situated, that one cannot maintain an action against the other. *Mainwaring* v. *Newman*, 2 *Bos. & P.* 120. If the law is to be made to bend to the supposed justice of every case, then it is useless to have law.

*Wells,* for the plaintiff.

It is a well settled principle, that in actions of tort, the plaintiff is entitled to recover, if he maintain his action against any one. The objection therefore is not to the number of defendants. But the plea in abatement states that two of the defendants should have been joined with the plaintiff, because they " were owners and jointly interested" with him in the oats. The case therefore presents this question : can one, who is owner and jointly interested with another, maintain an action against his co-tenant for the causes alleged in the plaintiff's declaration ? That one co-tenant of a chattel, owned in common, has a right to use it is not denied. But if the chattel owned in common is destroyed or injured by one co-tenant, he is liable for the injury to the other. *Chitty on Pl.* 170 ; *Waterman* v. *Soper,* 1 *Ld. Raymond,* 737 ; *Martyn* v. *Knowllys,* 8 *T. R.* 145.

The action therefore lies against *J. & S. Eaton,* and the objection, that they should be made plaintiffs is removed. They are liable to the plaintiff, and not the less so, because another man is jointly liable with them.

Again, the replication states, and its truth is admitted by the demurrer, that the three defendants formed a partnership as common carriers, and they acted in concert with *Paine* in every thing alleged to be done in the declaration. For any injuries to their property occasioned by the joint acts of *Paine,* and themselves, they could maintain no action against him. This, therefore, may be considered a severance of the cause of action the plaintiff has for an injury to his property ; and he certainly can sustain the

action against *Paine*, even if he cannot against the other defendants.    *Holland* v. *Weld*, 4 *Greenl.* 255.

The opinion of the Court was drawn up by

WESTON C. J. — The point more directly presented to our consideration upon these pleadings is, whether the *Eatons* should have been joined, as plaintiffs in this action.    This will depend upon the question, whether upon the facts set forth in the plaintiff's declaration, one tenant in common of a chattel can maintain an action, like the one before us, against his co-tenants.

If one tenant in common destroy the common property, trespass lies against him by his companion.    *Coke Litt.* 200 *b*.    So if one misuse a chattel owned in common, he is liable to the action of his co-tenant for the misfeasance.    *Martyn* v. *Knowlleys*, 8 *T. R.* 145.    In *Fennings* v. *Lord Grenville*, 1 *Taunton*, 241, the court admit that trover will lie by the party injured, where one tenant in common destroys the common property.    To the same effect is *Mersereau* v. *Norton*, 15 *Johns.* 179.    In *Oviatt* v. *Sage*, 1 *Conn. R.* 95, the court held, that a destruction of the chattel owned in common by one co-tenant, will render him liable in trover at the suit of another.    And this was decided by the Court to be the settled doctrine in *Hyde* v. *Stone*, 7 *Wendell*, 354, and in *Gilbert* v. *Dickerson*, *ibid.* 449.

The defendants are charged in the plaintiff's declaration, with having carried the oats, confided to their care, in so negligent and careless a manner, that the boat in which they were transported, was filled with water, and the oats lost.    Is this equivalent to an averment of the destruction of the oats by the *Eatons*, who were co-tenants with the plaintiffs ?    We are of opinion that it is.    It is not traversed by the plea in abatement, but the defendants there pleaded the joint interest of the *Eatons*, at the time the oats mentioned and described in the plaintiff's declaration, " were lost and destroyed."    They very properly understood the term, lost, to have had the same meaning as, destroyed, in the connection in which it stands.

There are cases in the books, where evidence of destruction by co-tenants much less strong, has been held sufficient.    In *Barnardiston* v. *Chapman et al.* reported by *Lawrence J.* in the case

of *Heath* v. *Hubbard*, 10 *East*, 121, the plaintiff was owner of one moiety of the ship *Triton* in common with the defendants, who were the owners of the other moiety. The plaintiff, being in possession of the ship, the defendants took her forcibly, secreted her from his knowledge, changed her name, and sent her to *Antigua*, where she was lost. Trover by the plaintiff against the defendants was sustained, the jury having found, under the direction of the presiding Judge, the destruction of the ship by the defendant's means ; and the Court of Common Pleas, on motion, refused to grant a new trial.

In *Sheldon* v. *Skinner*, 4 *Wendell*, 525, the parties were tenants in common of a number of swine, which had been fattened and in the possession of the defendant. He gave notice to the plaintiff to attend to a division of them, which he declined. The defendant then divided them himself, and turned the plaintiff's proportion into the street. This was held to be *prima facie* evidence of the destruction of them, and such as would enable the plaintiff to maintain trover against the defendant his co-tenant.

If upon the facts in the plaintiff's declaration, he is entitled to sustain either trover or case, against the defendants, his co-tenants, which we hold to be warranted by the authorities before cited, *Paine*, being a participant in the wrong, is equally liable. We accordingly adjudge the plea in abatement bad.

*Judgment of respondeas ouster.*