Dahl vs. Fuller and another.

### Dahl vs. Fuller and another.

*November 15 — November 30, 1880.*

*Evidence of Conversion.*

Plaintiff had title to an undivided one-third of grain in defendants' possession, and there was evidence that on his applying, through an agent, for a division of the grain and a surrender to such agent of his one-third, both defendants refused to permit any division, or to give the agent any part of the grain, and afterwards sold it and appropriated the proceeds to their joint use. *Held,* that the evidence warranted a verdict against both defendants for the value of one-third of the grain.

APPEAL from the Circuit Court for *Dodge* County.

Action for the wrongful taking and conversion of a quantity of grain, being one-third of the grain raised in a certain year upon land which one Charles Campbell and the defendants, *William Campbell* and *Fuller,* owned, occupied and worked in common, each owning a one-third interest in the products. Plaintiff had purchased Charles Campbell's interest at an execution sale. The evidence showed that, within a few days after that sale, an agent of the plaintiff went with men and teams to remove the grain for him; that a part but not the whole of it was threshed at that time; that Charles

Campbell and the defendants refused to let plaintiff have any part of the grain, and declared that they did not intend to permit any division of it to be made; and that the whole of the grain was soon after removed under the direction of the defendant *William Campbell*, and disposed of in such a manner that plaintiff was unable to obtain possession of any part of it.

The evidence for the defense shows that *Fuller* was sick and absent, and knew nothing of the removal at the time thereof. *Fuller's* testimony as to the disposition made of the proceeds of the sale is stated in the opinion. The other evidence need not be stated.

The court instructed the jury that plaintiff was entitled to recover the value of Charles Campbell's interest in the grain that was threshed when plaintiff's demand for a division was made, with interest at seven per cent. from the time of such demand; and that if the remainder of the grain, not then threshed, was afterwards disposed of by the defendants, they were liable to plaintiff for the value of Charles Campbell's interest therein, with interest at seven per cent. from the time such disposition was made.

Plaintiff had a verdict and judgment; and defendants appealed from the judgment.

The cause was submitted on the brief of *A. Scott Sloan* for the appellants, and that of *Markhams & Smith* and *H. W. Frost* for the respondent.

For the appellants it was contended, that it was a well settled rule at common law that one tenant in common could not sue his co-tenant and recover an undivided interest, where there had been no sale or destruction of the property (2 Kent's Com., 12th ed., 350, note g, and cases there cited; 2 Greenl. Ev., 9th ed., § 646, and cases cited); that there is nothing in the later cases, either in this state or New York, inconsistent with that doctrine; that sec. 4257, R. S., recognizes the common-law doctrine, and furnishes a remedy for any incon-

Dahl vs. Fuller and another.

venience or injustice created by it; and that the section applies in terms to *divisible* property, and requires a written demand. It may be claimed that there was some evidence of a sale of the property by defendants after the demand and refusal to divide; but as to the grain that was threshed at the time of such demand (more than nine-tenths of the whole), the question of such sale was not submitted to the jury; and as to the remaining 200 bushels the proof was positive that the defendant *Fuller* had not in any way assisted in disposing of it, but was sick and absent at the time.

For the respondent it was argued substantially as follows: 1. Plaintiff had a right to demand a severance of the grain; indeed he had a right to make the division himself, if it could have been done peaceably. *Newton v. Howe*, 29 Wis., 531, approved in *Wright v. Pratt*, 31 Wis., 104; *Young v. Miles*, 20 id., 615; *Fobes v. Shattuck*, 22 Barb., 568; *Tripp v. Riley*, 15 id., 333; *Channon v. Lusk*, 2 Lans., 211; *Seldon v. Hickcok*, 2 Caines, 166; *Lobdell v. Stowell*, 37 How. Pr., 88, 96; 51 N. Y., 72; *Kimberly v. Patchin*, 19 N. Y., 330; *Clark v. Griffith*, 24 id., 595; *Agnew v. Johnson*, 22 Pa. St., 471; *Fiquet v. Allison*, 12 Mich., 328; *Bray v. Bray*, 30 id., 479; *Carlton v. Davis*, 8 Allen, 94; *Wemp v. Mormon*, 2 U. C. Q. B., 146; 2 Hilliard on Torts, 427. Defendants' refusal, after demand made, to allow plaintiff to sever and take his share, was a conversion. *Channon v. Lusk* and *Fiquet v. Allison, supra; Stall v. Wilbur*, 77 N. Y., 158. The claim of exclusive title — the taking and holding of exclusive possession, with a denial of all right on defendant's part,— was a conversion. *Danbury Cornet Band v. Bean*, 54 N. H., 255; *Bray v. Bray* and *Fobes v. Shattuck, supra; Weld v. Oliver*, 21 Pick., 562; *Wilson v. Reed*, 3 Johns., 175; *Boyce v. Brockway*, 31 N. Y., 490; Cooley on Torts, 445, 448. Even the small portion of grain unthreshed at the time of the demand, was in process of threshing, and would have been finished that afternoon; and the refusal was as to all, and was a dec-

laration that defendants would not permit a division at any time. It would seem that this was a conversion as to all the grain; but at least the subsequent removal and sale of the whole in accordance with this refusal and declaration, and the subsequent sale and application of the proceeds to the defendants' use, constituted a complete conversion of the whole. *Strickland v. Parker*, 54 Me., 269; *Green v. Edick*, 66 Barb., 564; *Lucas v. Wasson*, 3 Dev., 398; *Perminter v. Kelly*, 18 Ala., 716; *Tyler v. Taylor*, 8 Barb., 585.

ORTON, J. There appears to be no controverted question of law in this case, nor any question of the title of the plaintiff to one undivided third of the grain in controversy, or of his offer and demand for a division of it. The only question of fact raised by the learned counsel of the appellants is, whether both of the defendants made themselves liable for the conversion of the plaintiff's one-third of the grain, both threshed and unthreshed, at the time of the demand. Several witnesses testified that, when the plaintiff's employee and agent applied for a division of the grain, both of the defendants said " there had been no division made, and they did not propose to have any." The witness Frost testified that " they told him there was no wheat there for him, and he could not have any wheat," and they refused to let him have any of it; they said " they would not divide it, and that I could not have a kernel of it." This was said to Frost when he demanded a division of the grain, as agent for the plaintiff. The witness Sumner testified that the " defendant *Fuller* said positively that no one should touch it unless they went over or through him." The defendant *Fuller*, on cross examination, testified that the grain was all sold, " and the proceeds turned to pay the debt of us three on the farm." This evidence was most clearly sufficient to warrant a verdict for the plaintiff against both of the defendants for the value of one-third of all of the grain, threshed or unthreshed. These defendants both excluded the plaintiff from

all participation in the joint property or its proceeds, and the property was finally disposed of for their joint benefit, and the plaintiff had the right of severance of his share, which the defendants refused and defeated. *Newton v. Howe*, 29 Wis., 531; *Danbury v. Bean*, 54 N. H., 255; and many other cases cited in respondent's brief.

There are no specific objections pointed out, in the brief of appellants' counsel, to the instructions given by the court to the jury and excepted to, and we are unable to find any.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.