## TALLMAN vs. BARNES, imp.

*January 10 — February 7, 1882.*

PLEADING. *(1) Complaint construed. (2) Equitable counterclaim in action for trespass. (3) Presumption from pleading.*

TENANTS IN COMMON OF PERSONALTY. *(4–6) Their mutual rights as to possession, and their legal or equitable remedies in case of a forcible taking by one of them.*

1. The complaint herein is held to state a cause of action in trespass *quare clausum*, with allegations of the injury, destruction and carrying way of personal property, in aggravation of damages.

2. In such an action, defendant cannot set up an equitable counterclaim, as owner in common with plaintiff of the personal property injured or taken, to have plaintiff required to account for the use of defendants' share of the property, and to have the property sold and the proceeds divided between the parties; such a claim not arising out of the trespass complained of, nor being connected with the subject of the action.

3. From an averment by defendant that he took possession of the property "peaceably, without unnecessary force," it must be presumed that he took possession by force.

4. One tenant in common of personal property has no right to take possession of the property by force from his cotenant; but, after getting the possession peaceably, he may maintain it by force.

5. One whose pleading shows him to have unlawfully taken from the opposite party by force a part of the property which belongs to them in common, and to be holding the same, will not be heard in equity to ask for equitable relief as to the common property.

[6. *It seems* that where one of two tenants in common of personalty has forcibly taken possession of the property, the other cannot recover the value of his interest therein in an action of trespass, unless the property has been destroyed.]

APPEAL from the Circuit Court for *Walworth* County.

The complaint alleges that the defendants wrongfully entered upon the premises and into the building of the plaintiff, then occupied and used by him as a printing office, and of which he was then and ever since has been lawfully possessed, and then and there violently assaulted the servants of the plaintiff and used abusive and insulting language to them and prevented them from engaging in the work of the plaintiff,

and then and there broke up, injured and destroyed the property of the plaintiff and injured his said premises, and then and there wrongfully took and carried away certain described printing material and tools, the property of the plaintiff, of the value of $1,000, and broke and destroyed the same and converted the same to their own use, and greatly injured the plaintiff's business as publisher and printer, to his damage $5,000.

The substance of the answer and counterclaim of the defendant *Barnes* sufficiently appears from the opinion. The plaintiff demurred to the counterclaim generally, and also for the reason, among others, that the cause of action stated therein was not pleadable as a counterclaim to the cause of action set out in the complaint. From an order sustaining the demurrer, the defendant *Barnes* appealed.

For the appellant there was a brief by *Fish & Dodge,* and oral argument by *Mr. Fish.* They contended that the facts stated in the counterclaim constitute a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or a cause of action connected with the subject of the action, so as to bring it within the provisions of subd. 1, sec. 2656, R. S. By the demurrer it is admitted that the plaintiff and the defendant *Barnes,* as tenants in common, own the personal property mentioned, and that the defendant as such tenant peaceably took said property into his own custody and possession as joint owner, and holds the same subject to the order of the court, and that the property, acts and grievances mentioned in the counterclaim are the same as those mentioned in the complaint. These facts being admitted, the plaintiff's action at law cannot be maintained. *Bulger v. Woods,* 3 Pin., 460. The *subject* of the plaintiff's action is the material, tools, etc., and the *transaction* referred to is the taking possession thereof by the defendant. The subject of the action stated in the counterclaim is the same material, tools, etc., and the transactions referred to therein include

Tallman vs. Barnes, imp.

the same transaction mentioned in the complaint. It is no objection to a counterclaim, that the complaint states a cause of action on contract and the counterclaim a cause of action in tort. *Vilas v. Mason*, 25 Wis., 310. And the converse is undoubtedly true. It is no objection to such counterclaim, that the claim in the complaint constitutes a legal cause of action while the cause of action stated in the counterclaim is equitable. R. S., sec. 2657; *Waddell v. Darling*, 51 N. Y., 327; *Akerly v. Vilas*, 21 Wis., 110. To constitute a counterclaim, it is only necessary that the cause of action therein stated, if established, will abridge or defeat the recovery to which the plaintiff would otherwise be entitled. *Dietrich v. Koch*, 35 Wis., 618. And see *G. & H. Manuf'g Co. v. Hall*, 61 N. Y., 226; *Ashley v. Marshall*, 29 id., 494.

For the respondent there was a brief by *Weeks & Steele*, and oral argument by *Mr. Weeks*.

COLE, C. J. In order to determine the sufficiency of the counterclaim it is essential to know what the action is which is stated in the complaint. The counsel for the plaintiff says that the action is trespass *quare clausum*, and that the allegations in respect to the injury, destruction and carrying away of the printing material, and breaking up of the plaintiff's business as printer, etc., are merely in aggravation of damages for the trespass to the realty. We are inclined to think the complaint does set forth such a cause of action, and in what we have to say it will be considered in that light.

In the counterclaim the defendant *Barnes* states, in substance, that he is an owner of an undivided one-fourth of the property constituting the printing establishment, including outstanding accounts and subscription list, having purchased his interest in July, 1875, of one Williams; that the plaintiff is the owner of the other three-fourths; and that the plaintiff has had charge of and collected all moneys arising out of the business since July, 1875, and has used a portion of the funds

·from time to time in purchasing new type and material; but what amount the plaintiff has so used, he is unable to state. He admits that at the time stated in the complaint he, as he lawfully might do, "*peaceably, without unnecessary force, took*" the property in the complaint described into his own custody and control, without doing any unnecessary injury thereto, and holds the same subject to the order of the court. He then asks that the complaint be dismissed; that the plaintiff be required to account for all moneys received by him on the subscription list, and for the use of his one-fourth interest; that the interests of the parties in the property be adjudged and decreed; and that the property be sold, and the proceeds divided according to the interests of the respective parties therein.

It will be seen that the relief asked is *purely* equitable; and the question is, Will a court of equity entertain jurisdiction to grant it upon the facts stated? It seems to us that it will not. In the first place, treating this as an action of trespass to the realty, the counterclaim would seem improper, for the reason that it neither arises out of that transaction nor is it connected with the subject of the action. The learned counsel for the defendant *Barnes* says that the allegation that Williams, being the owner of an undivided one-fourth of the property in the complaint mentioned, sold *the same to his* client, etc., shows that *Barnes* was a *joint owner or tenant* in common of the real estate, the possession of which he invaded. But we do not think the counterclaim should be so understood. It is alleged in the complaint that at the time specified the defendant "wrongfully entered upon the premises and into the building of the plaintiff," of which he was lawfully possessed, etc. The plaintiff could recover whatever damages he sustained by that wrongful act. He might also recover damages for any injury to his premises, if any was done. The counterclaim certainly does not arise out of that transaction, nor is it in any way connected with the subject of that action.

Tallman vs. Barnes, imp.

It is true, it is set forth in the counterclaim that in 1874 Williams, Leland and the plaintiff "purchased the printing-office establishment and property mentioned," and that subsequently Williams sold his interest to the principal defendant herein; but the counterclaim throughout relates to personal property, printing material, type, accounts, etc. — property which it is alleged the plaintiff and defendant owned as tenants in common. It is this property which the court is asked to sell, and divide the proceeds. Now, the defendant avers that he took possession of the personal property which he owns in common with the plaintiff, and holds the same subject to the order of the court. The presumption from the facts stated is, that he took forcible possession; for, while it is alleged that he took the property into his custody "peaceably, without unnecessary force," the plain inference is that he used whatever force was necessary to accomplish his purpose. It is well settled in law that one tenant in common has no right to take personal property from his cotenant by force; but if he can get possession without a resort to force, then he can hold it and protect his possession by force. Coke's Litt., 199b. In the counterclaim a court of equity is, in effect, asked to sanction this wrongful taking by the defendant, and give the same relief it would had the possession been lawfully obtained. We do not think a court of equity will exert its jurisdiction on such a state of facts; for it is a maxim of equity that a suitor must come before it with clean hands. It is unnecessary to give illustrations of cases where this maxim has been applied; but the spirit of the maxim is clearly applicable to the counterclaim. The defendant asks a court of equity to take jurisdiction, compel the plaintiff to account for the use of the common property, disclose what money he had collected from the accounts, state what he has done with it, sell the property, and dispose of the proceeds according to the rights of the parties, notwithstanding the admission that he has obtained possession of the property wrongfully, by taking it from his cotenant by force. To grant relief under such circumstances would, as it

seems to us, violate the principles upon which courts of equity act.

The learned counsel for the defendant argued the case as though it were an action of trespass by one tenant in common against his cotenant for wrongfully taking possession of the common property. We are satisfied that this is not the nature of the suit, and it is quite doubtful if, upon the facts, such an action could be maintained. For Littleton says: "If two be possessed of chattels personal in common by divers titles, as of a horse, an ox, or a cow, and if one take the whole to himself out of the possession of the other, the other hath no remedy but to take this from him who hath done to him the wrong, to occupy, etc., when he can see his time." Coke's Litt., 200*a*, § 323; *King v. Phillips*, 1 Lans., 421. Where one tenant has destroyed the property of the cotenancy, the action will lie. Freeman on Cotenancy & Par., § 298 et seq., and cases in notes. Also, if the property is susceptible of division, and one tenant claims and holds more than his share, his cotenant, after demand in writing, may sue for and recover his share, or the value thereof, under section 4257, R. S.

It follows, of course, from what has been said, that if the personal property mentioned in the pleadings is owned by the plaintiff and defendant *Barnes* as tenants in common, the plaintiff could not recover the value of his interest in this action, nor do we understand he is attempting to do so. But, to avoid all misapprehension upon the point, we deemed it proper to say this much upon that question; for upon the authorities above cited the law is well settled that one tenant in common cannot recover in trespass against his cotenant the value of his interest, unless the common property has been destroyed. But we are going beyond the question before us, which is, whether the demurrer to the counterclaim should have been sustained. On that point we think the decision of the circuit court was correct, and the order appealed from must be affirmed.

*By the Court.*— Order affirmed.