EARLL vs. STUMPF.

*October 16 — October 31, 1882.*

CHATTEL MORTGAGE: TENANTS IN COMMON: CONVERSION: PARTIES.
(1) When assignment of interest in mortgage carries interest in debt. (2) Assignor and assignee become tenants in common. (3) Trover by tenant in common against co-tenant. (4, 5) Effect of fraudulent sale by one tenant in common. (5) Joinder of tenants in common in action for conversion.

1. An assignment of an interest in a chattel mortgage, the debt secured by which is evidenced by no other instrument, is an assignment of an interest in such debt, and carries with it a corresponding interest in the mortgaged property. The same results would follow where the debt is evidenced by an instrument other than the mortgage, if the intention to assign an interest in the debt is clear.
2. By such assignment, unless an intention is expressed to make the assignee's interest paramount, the parties become tenants in common of the mortgaged property.
3. One tenant in common of a chattel may maintain trover against his co-tenant for a sale or destruction of the entire chattel by him to the exclusion of his co-tenant.
4. A fraudulent sale by one tenant in common of a chattel, will transfer the interest of the vendor, but will not divest that of his co-tenant if the purchaser was a party to the fraud.
5. Such purchaser and the co-tenant of the vendor become tenants in common of the chattel, and either may seize and hold it for both, and both must join in an action for its conversion by a third party.

APPEAL from the Circuit Court for *Portage* County.

The complaint alleges that for a valuable consideration the firm of *Stumpf*, Gage & Eckels assigned to the plaintiff an interest to the amount of $1,000 in a chattel mortgage given by Olin & Harvey to that firm, to secure a debt on which there was unpaid a larger sum. The mortgaged property consisted of a building (presumably personal property), and a boiler and certain machinery therein. It further alleges that the defendant afterwards, without the knowledge or consent of the plaintiff, seized and sold the whole of this property to a third person for the payment of his interest in the mortgage, regardless of plaintiff's right in the property. It is understood that the defendant is one of the firm of *Stumpf*, Gage & Eckels, and that such seizure and sale were on account of the firm. Afterwards the plaintiff (not knowing of such sale) seized the property by virtue of her interest in the mortgage, and, for the purpose of enforcing payment of the $1,000 due her, seized all of the mortgaged property and took full and absolute possession thereof, of which the defendant had notice. The value of the property is stated to have been $2,000. The complaint then proceeds as follows: "That afterwards and while the said property was in the possession of the plaintiff, as aforesaid, the defendant, by himself and his hired men and servants, fraudulently, for the purpose of preventing the plaintiff from selling said property and applying the proceeds of such sale in payment of her interest in said mortgage, and to still further deprive her of all security of her said interest, without the knowledge or consent of this plaintiff, and without informing her of such, his intentions, took possession of said property, and proceeded to build fires in said building under said boilers, and run and use said machinery without the knowledge of the plaintiff, until by the act, conduct, and management of the defendant, and his said hired men and servants, all of said property was destroyed by fire, while in the possession and

control of said defendant." Judgment is demanded for $1,000, and interest thereon from the date of the assignment.

The defendant demurred to the complaint on the grounds (1) that there is a defect of parties, in that the owners of the mortgage should have been joined; and (2) that no cause of action is therein stated. From an order overruling the demurrer the defendant appealed.

The cause was submitted on the brief of *Walter R. Barnes* for the appellant, and on that of *G. W. Cate* for the respondent.

Lyon, J. The complaint does not show that the mortgage debt was evidenced by any instrument other than the mortgage. The fair inference from the complaint is that it was not. The averment is only that the mortgage was executed by Olin & Harvey to secure the payment of $2,400 to *Stumpf*, Gage & Eckels. It cannot be doubted, therefore, that the assignment to the plaintiff of an interest in the mortgage was an assignment of an interest in the debt which the mortgage was given to secure. Such an assignment carries with it a corresponding interest in the mortgaged property. *Emmons v. Dowe*, 2 Wis., 322. The intention of the mortgagees to assign an interest in the mortgage debt being clear, we apprehend the same results would follow had the mortgagees held a note, or an obligation of the mortgagors other than the mortgage, for such debt. We do not think, however, that the interest so assigned became thereby paramount to the remaining interest of the mortgagees, but that by such assignment the plaintiff and the mortgagees became tenants in common of the mortgaged property to the extent of their respective interests. Had the parties intended that the plaintiff's interest should be paramount, it should have been so expressed in the assignment or other evidence of the contract, as was done in *Emmons v. Dowe*, *supra*, (p. 325). Such being the relations of the plaintiff and

the mortgagees to the mortgaged property, we understand the complaint to allege that the defendant (who presumably is one of the mortgagees) seized all of the property and sold it to satisfy his share of the mortgage debt. By this is probably meant that he acted for the mortgagees — the firm of *Stumpf*, Gage & Eckels. He did not attempt to protect the rights of the plaintiff in the mortgaged property, but acted in hostility to her rights, by selling the whole property for the payment of his debt, or that of his firm, regardless of the plaintiff's interest in the property. Probably the sale was valid (if free from fraud) because made by one of the mortgagees who necessarily had authority to make it, and operated to divest the title of the plaintiff to the mortgaged property; at least, the defendant is in no position to assert that it was not valid. The rule of law is well settled by numerous adjudications that one tenant in common may maintain trover against his co-tenant for a sale or destruction of the entire chattel by him to the exclusion of his co-tenant. The cases which so hold are collected in 6 Wait's Act. & Def., 186. We think the rule applies here, and that this action, which is substantially for the conversion of the property, may be maintained. Had the defendant sold the property for the whole mortgage debt, fairly and without fraud, it is probable that the only remedy of the plaintiff would have been an action to recover her proportionate share of the proceeds of the sale. But this is not the case made by the complaint.

An attempt seems to have been made to charge in the complaint that the sale was fraudulent, but the allegations are scarcely sufficiently broad to connect the purchaser with such fraud. True, it is charged that the purchaser is the minor son of the defendant, and was without means, but it is not charged that he was cognizant of the alleged fraudulent intent of his father, or that he did not pay for the property all that it could be sold for. Although without means of his

Earll vs. Stumpf.

own, he may have procured the means elsewhere with which to pay for the property. But if the sale was fraudulent and the purchaser was a party to the fraud, such sale did not divest the interest of the plaintiff in the mortgaged property, but would be operative to transfer the interest of the defendant (or of his firm, if he acted for the firm) to the purchaser. This is so, because the defendant is estopped to allege that the sale was fraudulent. In such case the plaintiff and the purchaser would be tenants in common of the mortgaged property, and either would have the right to seize it and hold it for both. Upon this theory the plaintiff was lawfully in possession of the property when the defendant took it into his possession without her knowledge or consent, as stated in the complaint. He had no interest in the property at that time, and hence was a wrong-doer. This wrongful seizure of it under the circumstances stated, and the subsequent destruction of it while in his possession, amount to a conversion of the property, and the owners may maintain trover for its value. But in such an action all the owners should join. 1 Chit. Pl. (16th ed.), 74; *Bradley v. Boynton*, 22 Me., 287; *Bucknam v. Brett*, 35 Barb., 596; *Gock v. Keneda*, 29 Barb., 120. Hence if plaintiff's interest in the property was not divested by the sale, the purchaser should be a party to the action.

We must affirm the order overruling the demurrer to the complaint, because the complaint states a cause of action, and because it contains sufficient allegations showing that the defendant has wrongfully divested the plaintiff of her title to the mortgaged property. If the plaintiff desires to proceed in the action on the hypothesis that the sale was fraudulent as to her, and that her mortgage interest is therefore still subsisting, the court will permit her to make her co-tenant a party to the action on such terms as shall be deemed just.

*By the Court.*— Order affirmed.