ALDERSON, Appellant, vs. SCHULZE, Respondent.

*September 4 — December 1, 1885.*

*Vessels — Joint owners — Conversion.*

One joint owner of a vessel cannot maintain an action against his co-owner for a conversion thereof, except in case of a total destruction, or something equivalent thereto, through the fault of such co-owner. The fact that the co-owner has negligently damaged the vessel, or has run it into debt and created liens upon it beyond its value, is not sufficient.

APPEAL from the Circuit Court for Columbia County. The case is sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *Bushnell & Watkins*, and for the respondent on that of *J. H. Rogers*.

The following opinion was filed September 22, 1885:

ORTON, J. The complaint substantially alleges that the parties were joint owners of a steamboat; the appellant owning one third, and the respondent two thirds, thereof. The respondent offered to purchase of the appellant his one-third interest for $700, and the appellant accepted the proposition, and the respondent replied that he would let the appellant know the next morning. The respondent the same night secretly and fraudulently ran the steamboat off and away into the waters of another state, and there so unskilfully, negligently, and improvidently managed it as to sink, greatly injure, and damage it, and incurred great expense about raising and repairing it, and carelessly and negligently ran it in debt, and created liens thereon, amounting in all to a sum greater than its value, and made the appellant's interest therein wholly valueless to him, and deprived him of his interest therein, to his damage of $700. On the trial the respondent objected to any evidence, on the ground that the complaint failed to state a cause of

action, and the objection was sustained, and judgment was rendered dismissing the complaint, and for costs.

The learned counsel of the appellant contends in his brief that the complaint states three causes of action: contract, tort, and in equity. If that were so, the complaint might be bad for duplicity. *Supervisors v. Decker*, 30 Wis. 624. But the complaint certainly does not state three causes of action, or even attempt so to do. It states no completed sale of the appellant's interest, or contract of sale, or breach of contract, and it asks no accounting in equity.

The first grievance complained of is the running the boat off. This the respondent had the right to do if he had purchased the appellant's interest. All the statements of the complaint, down to the allegation that the respondent had run the boat in debt and created liens on it of greater amount than its value, are merely preliminary and introductory thereto. If any possible cause of action is stated in the complaint, it is in the nature of trover for the respondent's having negligently caused a total loss of the appellant's interest in the boat while under his exclusive management and control, which would be equivalent to the destruction of the boat itself. It is only when the complaint against a tenant in common of a vessel or steamboat who is charged with negligence while in its management, is to such effect that it states a cause of action. In *Barnardiston v. Chapman*, 4 East, 121, the plaintiff was tenant in common of a moiety of a ship, and the defendants his co-tenants of the other moiety. The defendants took the vessel by force from the possession of the plaintiff, and sent it to Antigua, where it was lost. The verdict for the plaintiff was sustained, on the ground that the jury found that such loss would amount to a destruction of the ship. In *Lowthorp v. Smith*, 1 Hayw. (N. C.), 255, it is held that if a joint owner of a vessel, after getting sole possession, shall, without consent or against the will of the other owner, send the vessel

to sea, and she is lost, the jury may consider such loss as a destruction of the vessel. If a tenant in common, though rightfully in possession, yet by negligence causes the destruction of the property, an action will lie against him in favor of his co-tenant. *Chesley v. Thompson*, 3 N. H. 9; *Herrin v. Eaton*, 13 Me. 193; *Maddox v. Goddard*, 15 Me. 218; *Anders v. Meredith*, 4 Dev. & B. 199. "If a tenant of chattels so appropriates them to his own use as to render any future enjoyment of them by his co-tenant impossible, the latter may maintain an action of tort in the nature of trover against him." *Needham v. Hill*, 127 Mass. 133. See Desty, Shipp. & Adm. 98; Pars. Shipp. & Adm. 94, and note.

These authorities lay down the most liberal rule for recovery in such cases, and they hold that something must be done with the joint property by a co-tenant equivalent to its total destruction. The mere dispossession of one co-tenant is not sufficient, or damage to the joint property. There must be such an entire loss of the joint property to one tenant, by the negligence or fraudulent conduct of his co-tenant, as to amount to its destruction. In some cases when the property is divisible a sale of it by one tenant in common may give a right of action to his co-tenant in trover for the conversion of his interest or share. *Earll v. Stumpf*, 56 Wis. 50; *Dahl v. Fuller*, 50 Wis. 501; Cooley on Torts, 455. Tested by the most liberal rule, this complaint fails to state the essential fact of the loss of the steamboat to the appellant by the negligent conduct of the respondent. The boat was run in debt and liens were created upon it to an amount exceeding its value by the respondent; but he is liable to pay such debts, and pay and discharge such liens, and the presumption is that he will do so. But, whether he will or not, the boat has not been sold or disturbed by its debts and liens so far, and may never be. No loss of the boat has yet occurred to the appellant.

Fitzgerald, Adm'x, etc. vs. The Connecticut Fire Ins. Co.

There is considerable conflict of authority as to when such an action will lie against a tenant in common by his co-tenant, but there is no authority to sustain such an action in the case made by this complaint.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was denied December 1, 1885.