TRUSTEES OF ASHLAND LODGE No. 63, I. O. O. F., Respondents, vs. WILLIAMS, Appellant.

*May 26 — June 23, 1898.*

*Chattel mortgages: Tenants in common: Wrongful sale by cotenant: Remedies.*

1. Where each of two parties holds a promissory note, secured by a chattel mortgage running to both jointly, the situation is the same between them as if each held a chattel mortgage on an undivided interest in the chattel property to secure the payment of the note held by him; and in case of default in payment of the notes the two become tenants in common of such property.

2. Where two persons are tenants in common of personal property under a chattel mortgage neither can maintain replevin against the other to recover such property, or against the mortgagee for delivering the property to such other, or legally sell any interest therein, except his own, without the consent of his cotenant.

3. If one tenant in common of chattel property sells the whole thereof without the consent of his cotenant, the latter may recover of the seller, as a wrongdoer, his undivided interest in such property, or may still claim such interest as a cotenant with the vendee.

[Syllabus by Marshall, J.]

Appeal from a judgment of the circuit court for Ashland county: John K. Parish, Circuit Judge. *Reversed.*

Action of replevin against W. Armstrong and D. A. Williams for a hack, span of horses, and set of double harness. The complaint is in the usual form. During the progress of the trial a nonsuit was granted as to Williams. Thereafter, it being agreed that the only question of fact in dispute was the value of the property, that was submitted to the jury and resulted in a verdict of $700. Thereafter the court filed findings of fact in substance as follows:

June 23, 1894, Armstrong gave a chattel mortgage on the property to T. C. Smith and D. A. Williams, to secure payment of a note of $556.75 to said Smith or order, and a note of $300 to said Williams or order, each bearing interest at eight per cent. per annum, which mortgage was duly filed. Both notes were past due and wholly unpaid before the action was commenced, and the one payable to said Smith, and the interest in the chattel mortgage securing the same, were, for value, before such time, transferred to plaintiffs, who are still such owners. October 18, 1894, both notes being past due, plaintiffs demanded of Armstrong possession of the mortgaged property, with which he agreed to comply, but later refused, whereupon an action of replevin was brought therefor. Thereafter Armstrong, colluding with Williams to defraud plaintiffs, delivered the property to Williams, who participated in the fraudulent scheme, where-

upon plaintiffs discontinued the action against Armstrong, and commenced this one. against both Armstrong and Williams. The property was delivered to plaintiffs pending the termination of the action pursuant to law, and before judgment they sold the same under the mortgage, obtaining therefor $540, such sale being in all respects honestly made. Defendant E. V. Williams is the administratrix of the estate of D. A. Williams, having been duly substituted for the latter, who died after the commencement of the action. Such administratrix is owner of the $300 note and of such portion of the proceeds of the chattel property as the amount due on such note bears to the amount due on both notes after deducting the expenses of the foreclosure of the mortgage. Plaintiffs are entitled to the possession of the property; Armstrong unlawfully detained the same; defendant Williams' intestate took the same from Armstrong knowing plaintiffs had taken steps to foreclose the chattel mortgage; the value of the property when taken was $700, and plaintiffs' damage for the unlawful detention is six cents.

There was a motion made on the record and minutes of the court for judgment in favor of Williams for the amount due on the $300 note as her interest in the property, and for costs, which was denied and the ruling duly excepted to. The court decided that plaintiffs were entitled to judgment for the possession of the property and for costs against both defendants, and that defendant Williams and plaintiffs were entitled to the proceeds of the property less the expenses of the foreclosure of the mortgage, as indicated in the findings of fact. An order was thereupon entered requiring plaintiffs to pay into court, for the use of Williams, her share of the proceeds of the property within ten days, the same to be retained in court subject to its further order, and that after such payment judgment be entered by the clerk in accordance with the findings and conclusions of law. Exceptions were duly filed by defendant Williams, on

Trustees of Ashland Lodge No. 63, I. O. O. F. vs. Williams.

which errors are assigned on this appeal, discussed in the opinion.

For the appellant there was a brief by *Lamoreux, Shea & Wright*, and oral argument by *E. E. Brossard*.

For the respondents the cause was submitted on the brief of *Geo. P. Rossman*.

MARSHALL, J. The judgment appealed from was as directed at the foot of the findings, so, notwithstanding a suggestion by respondents' counsel that there is no valid judgment and the appeal should be dismissed on that ground, no reason is perceived why the case is not properly here for review on the questions presented by appellant. If the statement of expenses incurred by plaintiffs in selling the mortgaged property ought to have been approved by the court before entry of judgment, which was not done, that is a mere irregularity and does not render the judgment void; but if it were otherwise, the appeal cannot be dismissed, for a void judgment is appealable and reversible on that ground. *Kidder v. Fay*, 60 Wis. 218.

Plaintiffs and D. A. Williams were tenants in common of the property in question at the time the action was commenced, as a legal result of each owning a note secured by one chattel mortgage, and both notes being past due. Each was entitled to the possession of the property as much as the other, and neither was entitled to maintain replevin therefor against his cotenant. It follows necessarily that the delivery of the property by the mortgagor to Williams was not a legal wrong to plaintiffs, and that the finding based thereon, that he and Williams colluded together to injure plaintiffs, is without warrant in the evidence; but if it were otherwise, that is not a ground for the maintenance of an action of replevin by one tenant in common against his cotenant.

The principles involved in what has preceded are supposed

to be familiar and elementary, therefore no further discussion of them will be indulged in; but see *Farwell v. Warren*, 76 Wis. 527; Jones, Chattel Mortgages, § 49; Wells, Replevin, § 152; *Alderson v. Schulze*, 64 Wis. 460; *Tallman v. Barnes*, 54 Wis. 181; *Earll v. Stumpf*, 56 Wis. 50.

The mortgagees being tenants in common, Williams was the owner of an undivided interest in the property, plaintiffs the owners of such an interest, and neither had a right to sell the interest of the other therein. The action of plaintiffs in so doing, after they obtained possession in the replevin suit, was wrongful, and rendered them liable as wrongdoers. True, it is suggested in *Earll v. Stumpf, supra*, that if one tenant in common, circumstanced as plaintiffs were, sells mortgaged property for the whole debt, fairly and without fraud, it is probable the only remedy the cotenant would have would be an action for his proportion of the proceeds of the sale; but no such question was before the court or decided, though the *obiter* remark probably guided the learned trial judge in this case, in shaping the order for judgment as he did. Certainly, it is not the law that one tenant in common can in any way dispose of his cotenant's interest in the common property without the consent of such cotenant. In case of such a sale the wrongdoer is answerable to the cotenant for his interest in the property, or the wronged cotenant may still claim such interest as a cotenant with the vendee. Jones, Chattel Mortgages, § 49; *White v. Osborn*, 21 Wend. 76; *Tyler v. Taylor*, 8 Barb. 585. As stated by Mr. Justice TAYLOR, in effect, in *Farwell v. Warren, supra*, where each of several persons owns a note, secured by a chattel mortgage running to such persons jointly, the legal situation of the parties is the same as if each had a mortgage on an undivided interest in the property corresponding to the amount of his claim. The mere fact that the notes are secured by a single mortgage does not make either holder a trustee or agent for another similarly situated to sell the in-

terest of such other in the property and account for his proportion of the proceeds. Each can sell his undivided interest in the property and no more.

It follows from what has preceded that defendant's motion for judgment should have been granted, the property having been delivered to plaintiffs in the replevin suit, which we hold was not maintainable, even if they had not, pending the action, wrongfully disposed of such property. Defendant did not claim a return by answer, so was entitled to judgment absolute against plaintiffs and their sureties on the replevin bond, for the value of her interest as found by the jury, with interest thereon from the date of the taking in the action, as damages. R. S. 1878, secs. 2888, 2889; *Lanyon v. Woodward*, 65 Wis. 543; *Klœty v. Delles*, 45 Wis. 484. The value of the whole property was $700, hence the value of Williams's interest was such proportion of $700 as the amount due on the note held by defendant bears to the whole amount of the indebtedness secured by the mortgage, or, as we have computed it, $246.27; interest on that sum at the rate of six per cent. per annum from October 19, 1894, should be added as damages, and judgment therefor rendered against plaintiffs, or plaintiffs and their sureties on the replevin bond, at the option of the defendant, with costs taxed in the trial court according to law.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment in favor of defendant as indicated in the opinion.