Kuenzi and another, Respondents, vs. Leisten and another,
Appellants.

*December 9, 1936—January 12, 1937.*

For the appellants there was a brief by *Hooker & Wagner* of Waupun, and oral argument by *E. W. Hooker*.

For the respondents the cause was submitted on the brief of *Lueck, Skupniewitz & Lueck* of Beaver Dam.

MARTIN, J.  The only question on this appeal is whether respondents, being co-owners of the silo filler with defendants and others, have stated a cause of action in their complaint. Appellants rely principally on the decisions of this court in *Tallman v. Barnes,* 54 Wis. 181, 11 N. W. 478, and *Trustees of Ashland Lodge I. O. O. F. v. Williams,* 100 Wis. 223, 75 N. W. 954.  In *Tallman v. Barnes, supra,* it is said, at p. 185:

"It is well settled in law that one tenant in common has no right to take personal property from his cotenant by force; but if he can get possession without resort to force, then he can hold it and protect his possession by force."

In *Trustees of Ashland Lodge I. O. O. F. v. Williams, supra,* it is held that where two persons are tenants in common of personal property under a chattel mortgage, neither can maintain replevin against the other to recover such property, or against the mortgagee for delivering the property to such other, or legally sell any interest therein, except his own, without the consent of his cotenant.

In *Newton v. Gardner,* 24 Wis. 232, the action was in replevin for a stallion colt.  The defense was that defendant was in possession of the colt under an agreement between him and plaintiff, by which defendant was to break the colt and use him as a stallion and racer, and, after the races at the State Fair in 1867, was to sell him and retain one half the proceeds, and as much more as might be necessary to pay for his time, care, and expenses bestowed upon the colt.  Defendant had judgment on the verdict.  It was contended on

appeal that the judgment was erroneous in awarding the exclusive possession of the colt to one of two tenants in common and that each tenant has an equal right to possession. The court said :

"Concede that, in the absence of any agreement in respect to the possession, one tenant in common of a chattel cannot claim exclusive control or possession of such property, *yet it is perfectly competent for the parties to change this rule of law.* They may surely agree that one tenant shall have the possession to the exclusion of his cotenant."

In the instant case, it is alleged that the parties to the action and three others, all farmers, are the owners in common of the silo filler in question purchased by them for the joint and several use of all for silo filling on their respective farms, and that during the seasons of 1932 and 1933 the several owners co-operated in the use of the machine to the end that each was able to fill his respective silo. What the plaintiffs seek to enforce in the present action is their right to the use of the silo filler under the terms of the purchase agreement. On the facts pleaded, the rule stated in *Newton v. Gardner, supra,* is controlling. Though they be tenants in common, the parties were at liberty to contract as they saw fit as to the use and possession of the silo filler. The demurrer to the complaint was properly overruled.

*By the Court.*—Order affirmed.