APPLETON MANUFACTURING COMPANY, Respondent, vs. FOX RIVER PAPER COMPANY, Appellant.

*September 24 — October 15, 1901.*

*Ejectment: Counterclaim: Matters of defense.*

In an action of ejectment neither the running of the statute of limitations nor facts constituting an estoppel *in pais* can properly be pleaded as a counterclaim, under sec. 3078, Stats. 1898, each being available as a legal defense.

APPEAL from an order of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

*Humphrey Pierce*, for the appellant, to the point that the counterclaim should have been sustained, cited *Lombard v. Cowham*, 34 Wis. 486; *Prentiss v. Brewer*, 17 Wis. 638, 643;

*Du Pont v. Davis,* 35 Wis. `631, 639, 641; *McPherson v. Featherstone,* 37 Wis. 632, 644; *Brown v. Cohn,* 88 Wis. 627, 634; *Weld v. Johnson,* 86 Wis. 552; *Lawe v. Hyde,* 39 Wis. 345, 354, and cases cited; *Moore v. Smead,* 89 Wis. 558, 569; *Dobbs v. Kellogg,* 53 Wis. 448, 451; *Stowell v. Eldred,* 39 Wis. 614, 630; *Dietrich v. Koch,* 35 Wis. 618, 626, and cases cited.

*Lyman E. Barnes,* for the respondent.

CASSODAY, C. J. This is an appeal from an order sustaining a demurrer to the counterclaim set out in the answer. The action is ejectment to recover a strip of land twelve feet wide and 406 feet long in the bed of Fox River, upon which is built the spillway and wing dam, as therein specifically described; and the complaint is in the statutory form, and alleges that the plaintiff is the owner in fee of such premises. Sec. 3077, Stats. 1898.

The answer by way of defense alleges, in effect, that the premises are a part of a larger tract of land, described; that on and prior to January 15, 1850, said lands were held and owned by the parties therein named as tenants in common; that one Amos A. Lawrence, therein named, owned the undivided one-half thereof, and that Martin, Conkey, and Bowen, therein named, owned the other undivided one-half thereof; that, on the day and year mentioned, said parties, respectively, made, executed, and delivered, each to the other a deed of partition, therein set forth, which was thereupon recorded; that the water power was appurtenant to that portion of the land set off in severalty to Lawrence, and the same, together with the rights, privileges, and easements, were expressly and by necessary implication granted and conveyed to Lawrence, and, through mesne conveyances, from him to the defendant; that whatever right the plaintiff has to the land described in the complaint is based upon, and derived solely from, conveyances from, by, or through Martin, Conkey, and Bowen, or those claiming

under them, and were taken with full knowledge of the rights of the defendant; that, upon the execution and delivery of such partition deed, the parties thereto gave a practical construction to such deed, which was recognized and acknowledged by the grantors and grantees respectively in said deed; that those claiming under Lawrence successively entered into the open, notorious, actual, adverse, and exclusive possession and occupancy of the lands, rights, privileges, and easements, and especially the right of flowage, granted and conveyed to Lawrence, and built and· constructed dams and wing dams in the channel of the river, including that part thereof constituting the *locus in quo*, and that the same and the whole thereof have, for the period of twenty years and upwards immediately preceding the commencement of this action, and still are, maintained, and were and are necessary and essential for the purpose of developing and making available said water power so appurtenant to said land; that, without such dams and wing dams, including that portion of the *locus in quo*, the right of flowage could not be exercised or enjoyed as provided and granted in the deed to Lawrence; that the mills, dams, and water power had, from time to time, been greatly enlarged and improved, at great expense,— all to the actual knowledge of Martin, Conkey, and Bowen and those claiming under them, including the plaintiff; and that the plaintiff's right of action was barred by the twenty-year statute of limitation, and also by the ten-year statute of limitation, founding such claim upon written instruments.

The defendant also answered by way of counterclaim, and alleges, in effect, such partition; that such water power was appurtenant to the land so conveyed to Lawrence; that the defendant succeeds to such rights through mesne conveyances from Lawrence, and that the plaintiff claims solely by mesne conveyances from Martin, Conkey, and Bowen, and their several grantees, who took the same with full

knowledge of the rights of the defendant; that such prac-
tical construction was given, and such exclusive possession
so taken and such improvements made, as already stated;
that the plaintiff's right of action was barred by such twenty-
year statute of limitation and such ten-year statute of lim-
itation. The counterclaim also alleges that, during all the
time of the building, constructing, maintaining, enlarging,
and improving said mills and dams, including the wing
dam upon the *locus in quo,* and the expenditure of money
therefor, Martin, Conkey, and Bowen and those claiming
under them, including the plaintiff, had actual knowledge
thereof, and of the adverse claim on the part of Lawrence
and those claiming under him, and that by reason thereof
Martin, Conkey, and Bowen and those claiming under
them, including the plaintiff, are each and all of them es-
topped from now asserting any right or claim, as against
the defendant, to maintain said dams and wing dams, in-
cluding that portion thereof located on the *locus in quo.*

Such is a general outline of the counterclaim, to which
the plaintiff demurred. Obviously, it is nothing more in
substance than a repetition of the several things alleged as
a defense. No one will seriously contend that the running
of the statute of limitation is available as a counterclaim;
nor the practical construction of the deed of partition
under which Lawrence and those claiming under him had
been in the exclusive possession for twenty years and up-
wards. If such facts are available to the defendant at all,
it is by way of defense. If the land, in question is included
in the express and clear language of the grant to Lawrence,
then, of course, it is available as a defense at law. If the
terms of the grant are ambiguous and open to construction,
and, by practical construction or otherwise, the language is
such as to include the land in question, then it is equally a
defense at law. If the *locus in quo* is not included in the
grant to Lawrence, then the deed to Lawrence is not avail-

able as a defense. The defendant, by its counterclaim, does not seek to reform that deed, nor any other deed in its chain of title, on the ground of mistake or otherwise, so as to include the land in question.

"A counterclaim, when established, must in some way qualify or defeat, in whole or in part, the plaintiff's claim for judgment. *Dietrich v. Koch*, 35 Wis. 626. It must be a claim existing in favor of the defendant and against the plaintiff, between whom a several judgment may be had in the action. Sec. 2656, R. S. 1878." *Moore v. Smead*, 89 Wis. 569.

"Under the statute, the defendant in ejectment is at liberty, by way of counterclaim, to set up any matter as a defense which would, under the old practice, have formed an equitable defense; in which case, the answer must contain a demand for such judgment as he claims. Sec. 3078, R. S. 1878; *Dobbs v. Kellogg*, 53 Wis. 448; *Lombard v. Cowham*, 34 Wis. 486." *Moore v. Smead, supra*.

The counterclaim thus authorized in ejectment is, manifestly, one not available as a defense at law. If it is available at law, the opposite party is not, against his objection, to be driven to a separate trial in equity. In *Lawe v. Hyde*, 39 Wis. 345, it was held that a "defendant in ejectment cannot, generally, set up a counterclaim resting on his legal title, for a release to him of plaintiff's claim of title, which the answer alleges to be void on its face, and without color of right." In a later case it is held that, "in ejectment, facts which constitute a complete legal defense are not the proper subject of a counterclaim." *Brown v. Cohn*, 88 Wis. 627, 633, 634. In that case our late brother PINNEY said:

"It seems to be well established that a counterclaim, based upon the same facts which constitute a complete legal defense, cannot be maintained. . . . A court of law, wherein the right of trial by jury is secured to the parties, is the appropriate tribunal and the proper forum for the trial and determination of questions of title to lands. . . . If the contention of the defendants is maintainable, nearly every action for the recovery of real estate could, by mere form of pleading, be made cognizable in equity, and the plaintiff be thereby deprived of a trial of his action by a jury."

Counsel for the plaintiff concedes that the estoppel *in pais* alleged in the counterclaim is available as a legal defense. This proposition is sustained by the adjudications of this court. *Gove v. White*, 20 Wis. 425; *S. C.* 23 Wis. 282; *Mariner v. M. & St. P. R. Co.* 26 Wis. 84; *Two Rivers Mfg. Co. v. Day*, 102 Wis. 328. To the same effect: *Dickerson v. Colgrove*, 100 U. S. 578; *Cleveland v. C., C., C. & St. L. R. Co.* 93 Fed. Rep. 113, 123; *Kirk v. Hamilton*, 102 U. S. 68, 78; *Ward v. Cochran*, 71 Fed. Rep. 127; *Berry v. Seawall*, 65 Fed. Rep. 742, 753. In this case the facts alleged in the counterclaim as an estoppel *in pais* are also alleged in the answer by way of defense.

*By the Court.*— The order of the circuit court is affirmed.