CASEY, Respondent, vs. CASTLE and another, Appellants.

*October 17 — November 5, 1901.*

*Title to land: Executed oral contract.*

In an action of ejectment the evidence (stated in the opinion) is *held* insufficient to sustain defendant's contention that he acquired title to the land in controversy under an executed oral contract with plaintiff to exchange other lands therefor.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

*C. E. Armin,* for the appellants.

For the respondent there was a brief by *Ryan & Merton,* and oral argument by *T. E. Ryan.*

CASSODAY, C. J.    This is an action of ejectment commenced December 1, 1899.    The complaint is in the statutory form, and alleges that the plaintiff is the owner in fee and entitled to the possession of the strip of land specifically described, consisting of about three acres.    The answer is purely defensive and consists of denials and counter-allegations to the effect that the plaintiff acquired title to so much of the E. ½ of the N. E. ¼ of section 3, town 6 N., of range 18 E., in Waukesha county, as was devised to Christopher Castle, a brother of the defendants, by the will of their father, which provided that: "I give, devise, and bequeath to my son Christopher Castle the east half of the northeast quarter of section three, town six, range 18.    The land intended to be conveyed and bequeathed contains only eighty acres,"— and the order of the probate court, duly made, distributing the estate of their father, and, among other things, "to said Christopher Castle the east half of the northeast quarter of section three, town six, range 18 east, intended to assign by said distribution only eighty acres;" that the plaintiff's title was acquired by quitclaim deed from said Christopher, and other mesne conveyances to him; that the defendants and their brother John were residuary legatees under said will; that after the plaintiff had taken possession of the premises so devised to Christopher, and the quitclaim deed from him, and other mesne conveyances, he entered into an agreement with the defendant *Charles* for and in behalf of himself, his brother John, and his sister *Catherine,* the defendant herein, as such residuary legatees, by the terms of which agreement the plaintiff was to have all the land comprised in the said E. ½

of the N. E. $\frac{1}{4}$ of said section 3, and in consideration thereof he was to give and did give to the defendants and their brother John out of said E. $\frac{1}{2}$ of said N. E. $\frac{1}{4}$ of said section the strip of land described in the complaint, and thereupon placed the defendants in possession of the same, and built one half of the line fence which fenced off the same from said E. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$, and attached it to the S. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of said section, which last-described land is the land and property of the defendants and their brother John; that the defendants thereupon entered into possession of said strip of land described in the complaint, and have ever since been in full possession of the same, using and cultivating the same with the full knowledge and consent of the plaintiff for more than ten years last past. The answer also alleges a defect of parties defendant, in omitting the name of John.

A trial by jury was waived, and the cause was tried by the court, and at the close of the trial the court found, as matters of fact, that the plaintiff was the owner of and had an estate in fee simple in and to the land described in the complaint, and was entitled to the possession thereof; that the defendants unlawfully withheld such possession from the plaintiff; and that the plaintiff was damaged by such unlawful withholding in the sum of six cents. And, as conclusions of law, the court found that the plaintiff was entitled to recover from the defendants the possession of such premises, with six cents damages for such unlawful withholding, together with costs and disbursements of the action, and ordered judgment to be entered accordingly. From the judgment so entered the defendants bring this appeal.

It was conceded on the trial that both parties to the action claim title through a common source, namely, Christopher Castle, the ancestor of the defendants; and it was agreed that all records to which reference had been made by either party should be considered in evidence. There is

no dispute but that the plaintiff made record title to the land so devised to the son Christopher. The defendants did not prove or attempt to prove any record title in themselves or either of them. No such title is alleged in the answer. The only claim of title in the answer is that the defendants agreed with the plaintiff that he should have the E. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$, and that the plaintiff "was to give and did give to these defendants and their brother John out of said east half of said northeast quarter" the strip of land described in the complaint. Of course, the defendants were at liberty to prove, if they could, any agreement that would entitle them to hold the possession as against the plaintiff. *Appleton Mfg. Co. v. Fox River P. Co.* 111 Wis. 465. But they have made no attempt to prove any written agreement, and have utterly failed to prove any valid oral agreement.

Most of the testimony on the part of the defense was given by the defendant *Charles Castle*, and is to the effect that he lived on the old homestead immediately west of the south half of the land so conveyed to the plaintiff, being the S. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of the same section; that after the plaintiff bought the farm in 1882, and the land had been surveyed, he wanted the plaintiff to give him the land adjoining the homestead, but the plaintiff refused to do so, and said the defendants could not have it; that the defendants then had the surveyor measure off three acres adjoining their land,— had it surveyed on the north end; that the surveyor set a stake where the five acres would come, and the plaintiff helped; that about four years after 1887 (1891) his brother John told him that the plaintiff did not wish to give the adjoining land; that one day he told the plaintiff that if he would give him three acres he would give the plaintiff four acres and a fraction; that plaintiff replied, "Give me two acres," and he said, "All right;" that the plaintiff said he would give him a deed some other time; that a short time after he wanted to build a fence, and he

and the plaintiff went and measured off, he supposed, four rods adjoining him, and the plaintiff put up the north half of the fence, which he supposed was on the line, and he put up his afterwards, and that has remained ever since; that the plaintiff never gave him a deed or any writing in reference to the land, and he never asked for one; that the plaintiff said he would give a deed; that neither he nor his brother John nor his sister gave the plaintiff any deed; that the defendants were in possession; that the land was not improved, except the orchard; that the front part was timber. Another witness on the part of the defendants testified to the effect that he, while in the employ of the plaintiff, and by his direction, built a fence east and west at the north end of the strip mentioned, and then built from that south between the plaintiff and the defendants, but he did not know how far.

Such is an outline of the evidence from which the court was asked to find a binding agreement between the parties. There was no dispute about any boundary line, nor any dispute of any kind. The most that can be claimed from such evidence is that many years ago there was a proposition to exchange lands, which was never carried out by either party. Just what lands were to be so exchanged does not appear, nor does it appear that there was any sufficient consideration to support any supposed promise on the part of the plaintiff. Such evidence fails to show a binding contract between the parties. It is too vague, indefinite, uncertain, and weak to be the basis of a judgment. Certainly we cannot hold that the findings of the trial court are against the clear preponderance of the evidence. There is no pretense that the plaintiff's right to the land is barred by the statute of limitations.

*By the Court.*— The judgment of the circuit court is affirmed.