STOLZE, Appellant, vs. TORRISON and others, Respondents.

*May 14—May 29, 1903.*

*Pleading: Counterclaim: Statutes: "Connected with the subject of the action."*

1. In an action of trespass *vi et armis*, the transaction set forth in the complaint as the foundation of plaintiff's claim was the wrongful and unlawful breaking and entering the close, of

which the plaintiff was at the time in the quiet and peaceful possession, and malicious prosecution and conspiracy in support of such conduct. The defendant by equitable counterclaim sought to establish title to the *locus in quo* in himself, and to have plaintiff's assertion of title adjudicated to be unfounded. *Held*, that such counterclaim did not consist of a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, nor was it connected with the subject of the action as required by sec. 2656, Stats. 1898.

2. Such counterclaim is also demurrable because, if established, it would in no way qualify or defeat the judgment to which the plaintiff might otherwise be entitled.

APPEAL from an order of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

This is an appeal from an order overruling a demurrer to a counterclaim in an action of trespass *vi et armis* commenced November 5, 1901, against *Torrison, Dellebeck,* and *Uek.* The complaint alleges, in effect, that May 28, 1899, and for many years prior thereto, the plaintiff was in the quiet and peaceable possession of the premises described therein, claiming to be the owner thereof in fee; that, with the intent of disturbing and harassing the plaintiff, and to help out the claim of the defendant *Torrison* to the land, and to compel the plaintiff to relinquish the same, *Torrison* and the other two defendants wrongfully and unlawfully conspired, confederated, and combined and entered upon the premises with force and arms and with a multitude of people, and damaged the plaintiff's crops, and assaulted and beat the plaintiff and the members of his household, and made false and fraudulent charges of crime against him, and instituted and prosecuted false, malicious, and unfounded criminal actions against the plaintiff; that the defendants committed similar acts June 1, 1900, and at divers times thereafter during the months of June, July, and August, 1900, and again May 28, 1901; that with a similar purpose the three defendants named falsely and maliciously made complaint under the oath of one of

them against the plaintiff, and caused him to be arrested on a false and malicious charge of having made an assault upon one of them with intent to do great bodily harm, then and there being armed with a revolver, which charge, after hearing, the magistrate found to be unfounded, and so dismissed the complaint and discharged the plaintiff, and adjudged that the complainant pay the costs thereof; and prays judgment for $10,000 damages and costs. The defendant *Torrison* separately answered by way of admissions and denials, and then by way of counterclaim alleged, in effect, that *Torrison* is, and for more than eight years then last past had been, the owner in fee and in the actual and lawful possession of the four and one half acres of land therein specifically described; that May 14, 1888, one Hanson got a tax deed on the four and one half acres, and the same was recorded November 24, 1888; that immediately after the recording of such deed Hanson took open, actual, exclusive, and adverse possession under that deed of the land therein described, and continued in such possession for more than the three years next following; that thereupon Hanson conveyed the premises described in the tax deed to *Torrison,* who has ever since and until now remained in the open, actual, exclusive, and 'adverse possession of such premises, claiming to be the owner in fee thereof; that the plaintiff was barred from any right to the possession of the land by the three-years statute of limitations mentioned in sec. 1188, Stats. 1898, and the ten-years statute of limitations prescribed in secs. 4211, 4212, and 4215, and *Torrison* claims the benefit of those statutes. The counterclaim further alleges that May 28, 1899, the plaintiff wrongfully and unlawfully and with force and arms broke and entered the close of the defendant *Torrison* so described, and committed damage thereon, and threatened violence to *Torrison* and his servant; that *Torrison* ordered the plaintiff to depart; that *Torrison* cultivated the soil and raised crops thereon in May, June, July, and August, 1899; that such

acts of *Torrison* were the same acts referred to in the complaint; that the plaintiff repeated such wrongful and unlawful entry June 1, 1900, and at divers times before and after that date, and again May 28, 1901; that *Torrison's* four and one half acres were inaccessible to him by any public highway except the Manitowoc river; that the plaintiff's false and fraudulent claim of title to and possession of the premises, together with his numerous and long-continued trespasses, have cast a cloud upon *Torrison's* title, which *Torrison* asks to have removed by judgment establishing his title, and that the plaintiff be adjudged to be barred from any claim to the land. The plaintiff demurred to such counterclaim upon the ground that it does not state facts sufficient to constitute a counterclaim, assigning each of the six grounds of demurrer mentioned in sec. 2658, Stats. 1898.

For the appellant there was a brief by *Sedgwick, Sedgwick & Schmidt*, attorneys, and *W. H. Timlin*, of counsel, and oral argument by *Mr. Timlin*. They contended, *inter alia*, that the fact that plaintiff had been guilty of trespass upon defendant's rights is not a defense to a trespass committed by the defendant, nor is an equitable claim of the defendant to a conveyance of the land on which the trespass was alleged to have been committed any defense. *Sika v. C. & N. W. R. Co.* 21 Wis. 370; *Farnsworth v. Brunquest,* 36 Wis. 202. Mere possession is sufficient to enable plaintiff to maintain his action, and it is lawful to repel force by force in defense of one's person, habitation, or goods against an intruder who manifestly intends or endeavors, by violence or surprise, to commit a felony. *Field v. Apple River L. D. Co.* 67 Wis. 569; *Scribner v. Beach,* 4 Denio, 448. The nature of the trespass alleged in the complaint is not for injuries to the freehold, but merely for personal trespass and disturbance of plaintiff's possession. *Huppert v. Morrison,* 27 Wis. 365; *Barnes v. Martin,* 15 Wis. 240. The words "subject of action" are defined in *Bazemore v. Bridgers,* 105 N. C. 191, 10

Stolze v. Torrison, 118 Wis. 315.

S. E. 888.  A counterclaim must be a demand, which if es-
tablished, would in some way qualify or defeat the judgment
to which the plaintiff would otherwise be entitled.  *Dietrich
v. Koch,* 35 Wis. 618.  The counterclaim does not arise out
of the trespass complained of, nor is it connected with the
subject of the action.  *Tallman v. Barnes,* 54 Wis. 181; *Mc-
Lane v. Kelly,* 72 Minn. 395, 75 N. W. 601; *Mulberger v.
Koenia,* 62 Wis. 558.  See *Weatherby v. Meiklejohn,* 56 Wis.
73; *Moore v. Smead,* 89 Wis. 558; *Akerly v. Vilas,* 21 Wis.
88; *Davidson v. Rountree,* 69 Wis. 655; *Scheunert v. Kaeh-
ler,* 23 Wis. 523.  The subject of the action is the plaintiff's
primary right which has been broken and by means of whose
breach a remedial right arises.  Pomeroy, Remedies (2d ed.)
§§ 705, 775, 776; *Chamboret v. Cagney,* 32 N. Y. Super.
Ct. R. (2 Sweeny) 378; *Marks v. Tompkins,* 7 Utah, 421, 27
Pac. 6; *Schuster v. Thompson,* 6-Dak. 10, 50 N. W. 125;
*Schmidt v. Bickenbach,* 29 Minn. 122, 12 N. W. 349; *Dove
v. Hayden,* 5 Oreg. 501; Bliss, Code Pleading, §§ 60, 386,
389; Phillips, Code Pleading, §§ 251, 252.

For the respondents there was a brief by *L. J. Nash,* at-
torney, and *O. M. Torrison,* of counsel, and oral argument by
*Mr. Nash.*  They contended, *inter alia,* that the counterclaim
was one in favor of a defendant and against a plaintiff be-
tween whom a several judgment may be had in the action.
*Bank of New London v. Ketchum,* 66 Wis. 428; *Boyd v.
Beaudin,* 54 Wis. 193; *Jarvis v. Peck,* 19 Wis. 74; *Thompson
v. Kessel,* 30 N. Y. 383; *Clegg v. Am. N. U.* 60 How. Pr. 498;
*McIntosh v. Ensign,* 28 N. Y. 169.  The counterclaim arises
out of the transaction set forth in the complaint as the founda-
tion of plaintiff's claim.  *Gutzman v. Clancy,* 114 Wis. 589;
*Pelton v. Powell,* 96 Wis. 473; *Collins v. Morrison,* 91 Wis.
324; *Jones v. Burtis,* 88 Wis. 478; *Gilbert v. Loberg,* 86
Wis. 661; *Scott v. Menasha,* 84 Wis. 73; *Wilson v. Hooser,*
76 Wis. 387; *Grignon v. Black,* 76 Wis. 674; *Scheunert v.
Kaehler,* 23 Wis. 523; *Jarvis v. Peck,* 19 Wis. 74; *Ainsworth*

*v. Bowen,* 9 Wis. 348; *Carpenter v. Manhattan L. Ins. Co..* 22 Hun, 49; *S. C.* 93 N. Y. 552; *Thompson v. Kessel,* 30 N. Y. 383; *Xenia Branch Bank v. Lee,* 7 Abb. Pr. 372. The counterclaim states a cause of action connected with the subject of the action. *G. & H. Mfg. Co. v. Hall,* 61 N. Y. 226, 237; *Carpenter v. Manhattan L. Ins. Co.* 93 N. Y. 552, 556; *Northern Trust Co. v. Snyder,* 113 Wis. 516, 527; *Thompson v. Kessel,* 30 N. Y. 383; *Xenia Branch Bank v. Lee,* 7 Abb. Pr. 372; *O'Brien v. Garniss,* 25 Hun, 446. The demurrer admits *Torrison's* possession just as he alleged it in his counterclaim, and it follows, therefore, that he could at no time since such possession began bring ejectment and try the title at law. It also follows that during the many years of *Torrison's* admitted possession *Stolze* has been at full liberty to bring his action of ejectment. *Grignon v. Black,* 76 Wis. 674; *Jarvis v. Peck,* 19 Wis. 74; *Carmichael v. Argard,* 52 Wis. 607. If a counterclaim, when sustained, will defeat plaintiff's cause of action in whole or in part it is not defective because it also seeks to obtain further and affirmative relief. *Scott v. Menasha,* 84 Wis. 73; *Holland v. Challen,* 110 U. S. 15. The counterclaim satisfies the requirement that such a pleading must, if sustained by proof, defeat in whole or in part or qualify the judgment which plaintiff would otherwise be entitled to recover. *Scott v. Menasha,* 84 Wis. 73; *Wilson v. Hooser,* 76 Wis. 387; *Grignon v. Black,* 76 Wis. 674; *Heckman v. Swartz,* 55 Wis. 173; *Dietrich v. Koch,* 35 Wis. 618; *Jarvis v. Peck,* 19 Wis. 74.

CASSODAY, C. J. The demurrer of the plaintiff to the counterclaim alleged in the separate answer of the defendant *Torrison* assigns all the six grounds mentioned in sec. 2658, Stats. 1898, but the plaintiff only relies upon the last, which is that "the cause of action stated [in the counterclaim] is not pleadable as a counterclaim to the action." Whether it is or not is the important question to be considered on this ap-

peal. As stated by counsel for the defendant, the statute provides that, in addition to denials, the answer may contain "a statement of any new matter constituting a defense or counterclaim." Sec. 2655, Stats. 1898. We are not here called upon to consider any new matter not constituting a counterclaim, even though it might in whole or in part constitute a defense. *Weatherby v. Meiklejohn,* 56 Wis. 73, 13 N. W. 697. As indicated, we are here only concerned as to whether the facts alleged in the answer are pleadable as a counterclaim. That depends upon the meaning of the statute, which declares:

"The counterclaim . . . must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action and arising out of . . . (1) a cause of action arising out of the contract *or transaction* set forth in the complaint as the foundation of the plaintiff's claim *or connected* with the subject of the action." Sec. 2656, Stats. 1898.

It is conceded that the other provisions of the section have no application to the case. Counsel contend, in effect, that, as the action is against the defendants as tort feasors, a judgment might be taken in favor of the plaintiff and against any one of the defendants; and hence that the counterclaim in favor of *Torrison* is one existing in favor of him "and against the plaintiff between whom a several judgment might be had in the action," and to that extent satisfies the provisions of the statute quoted. For the purposes of this appeal we will assume such contention to be correct. *Ellis v. Esson,* 50 Wis. 138, 6 N. W. 518; *Pogel v. Meilke,* 60 Wis. 248, 18 N. W. 927; *Bishop v. McGillis,* 82 Wis. 120, 51 N. W. 1075.

2. It is urged that the counterclaim alleged arose out of the "transaction set forth in the complaint as the foundation of the plaintiff's claim." In support of such claim counsel cite the recent case in this court wherein it was held that the word "transaction," as used in that section, was "broad enough to include the entire, continuous, physical encounter"

between the two combatants. *Gutzman v. Clancy,* 114 Wis. 589, 593–595, 90 N. W. 1081, and cases there cited. That is an extreme case, but it does not meet the question here presented. As indicated, the "transaction set forth in the complaint as the foundation of the plaintiff's claim" was the wrongful and unlawful breaking and entering the close of which the plaintiff was at the time in the quiet and peaceable possession, and malicious prosecution and conspiracy in support of such conduct. The equitable counterclaim sought to be interposed is to establish the title of *Torrison* to the *locus in quo* under a tax deed and a subsequent conveyance and the statutes of limitation, mentioned in the foregoing statement, and to have the plaintiff's assertion of title adjudged to be unfounded. It is very obvious that such equitable counterclaim did not arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim. On the contrary, it arose entirely independent and outside of that transaction, and the trespasses of the defendants alleged are sought to be justified by virtue of it. Nor is it legally "connected with the subject of the action" set forth in the complaint. It did not arise out of the torts or trespasses alleged in the complaint, nor is it legally connected with such torts or trespasses. "The subject of the action" is not the land, nor the title to the land, but the torts alleged. *Bazemore v. Bridgers,* 105 N. C. 191, 10 S. E. 888. The peaceable possession of the plaintiff was sufficient without actual title to support trespass *vi et armis. McNarra v. C. & N. W. R. Co.* 41 Wis. 69; *Carl v. S. & F. du L. R. Co.* 46 Wis. 625, 1 N. W. 295; *Gerhard v. Swaty,* 57 Wis. 24, 14 N. W. 851; *Field v. Apple River L. D. Co.* 67 Wis. 569, 31 N. W. 17; *Moore v. C., M. & St. P. R. Co.* 78 Wis. 120, 47 N. W. 273; *Stahl v. Grover,* 80 Wis. 650, 50 N. W. 589. Besides, malicious prosecution might be maintained without such possession.

"A counterclaim must be a claim which, if established, will defeat, or in some way qualify, the judgment to which plaint-

iff is otherwise entitled." *Dietrich v. Koch,* 35 Wis. 618; *Moore v. Smead,* 89 Wis. 569, 62 N. W. 426; *Appleton Mfg. Co. v. Fox River P. Co.* 111 Wis. 469, 87 N. W. 453; *Kaukauna E. L. Co. v. Kaukauna,* 114 Wis. 343, 89 N. W. 542.

This court has held that, where the complaint stated "a cause of action in trespass *quare clausum,* with allegations of the injury, destruction, and carrying away of personal property in aggravation of damages," the defendant could not interpose "an equitable counterclaim, as owner in common with plaintiff of the personal property injured or taken, to have the plaintiff required to account for the use of defendants' share of the property, and to have the property sold, and the proceeds divided between the parties; such a claim not arising out of the trespass complained of, nor being connected with the subject of the action." *Tallman v. Barnes,* 54 Wis. 181, 11 N. W. 478. See, also, *Scheunert v. Kaehler,* 23 Wis. 523; *Mulberger v. Koenig,* 62 Wis. 558, 562–564, 22 N. W. 745. In one of these cases it was said by the late Justice TAYLOR:

"The subject of the action is nothing more or less than the facts constituting the plaintiff's cause of action. . . . A counterclaim, in order to be allowed as such, under this last clause of the statute, must be connected with the facts constituting the plaintiff's cause of action." *Mulberger v. Koenig, supra.*

This court has recently held:

"In an action of ejectment neither the running of the statute of limitations nor facts constituting an estoppel *in pais* can properly be pleaded as a counterclaim, . . . each being available as a legal defense." *Appleton Mfg. Co. v. Fox River P. Co.* 111 Wis. 465, 87 N. W. 453.

Numerous cases are cited by the respective counsel, as will be observed by consulting their briefs. While these cases have more or less bearing upon the question presented, yet, after all, the case necessarily turns upon the wording of the statute, which is plain. Whatever cause of action *Torrison*

may have against the plaintiff, yet the one alleged, if established, would in no way qualify or defeat the judgment to which the plaintiff might otherwise be entitled.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded, with direction to sustain the demurrer to the counterclaim, and for further proceedings according to law.