BRAHM, Appellant, vs. M. C. GEHL COMPANY and others, Respondents.

*September 9—September 24, 1907.*

*Corporations: Stock fraudulently issued: Action to cancel, by whom brought: Pleading: Construction: Separate causes of action: Counterclaim.*

1. A right of action to procure cancellation of stock fraudulently issued belongs to the corporation, but may be enforced by a stockholder in behalf of the corporation when the conduct of the corporation is controlled by the holders of such fraudulent stock.

2. The omission in a complaint to declare, as required by sec. 2647, Stats. (1898), a separation of causes of action, is significant of an absence of intention to plead an additional cause of action.

3. A complaint by a stockholder alleged that at the time of incorporation he had by agreement been elected president of the corporation and employed by it at a salary; that one of the defendants, G., who had been chosen secretary and treasurer, had unlawfully and by fraud procured the issuance of certain shares of stock to other defendants who held them in trust for him; that G. is seeking to drive plaintiff out of the company and threatening to wreck its business; that, being in control of the board of directors, G. proposes and threatens to call a stockholders' meeting and to vote the unlawful stock thereat so as to change the date of the annual meeting and enable him at once to oust plaintiff from his office and from participation in the business of the corporation and deprive him of his salary. The prayer was that the illegal stock be canceled, that defendants be enjoined from voting the same, and that a receiver be appointed to wind up the affairs of the corporation. *Held*, that the only cause of action stated was one for the cancellation of the illegal stock and to prevent its abuse by the unlawful holders, although there was suggestion in the complaint of a possible intention to plead also a cause of action under sec. 3237, Stats. (1898), to remove misconducting officers, or under sec. 3216 for a receiver, or to annul the corporation.

4. In an action by a stockholder to procure the cancellation of stock fraudulently issued and to prevent its abuse by the unlawful holders, the corporation cannot plead counterclaims alleging that plaintiff, the president of the company, withholds from it lands conveyed to him under circumstances impressing upon

them a trust in favor of the corporation, and asking that its rights therein be determined, or asking the removal of plaintiff from office for misconduct under sec. 3237, Stats. (1898). Neither of such counterclaims is "connected with the subject of the action," within the meaning of sec. 2656, Stats. (1898).

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

The appeal is by the plaintiff from an order overruling a demurrer to counterclaim of the corporate defendant, *M. C. Gehl Company,* which asserted, as one ground of demurrer, the nonpleadability as a counterclaim of the cause of action attempted to be set forth.

The complaint alleged the formation of the defendant company to continue a business theretofore conducted by defendant M. C. Gehl; that plaintiff contributed $4,000 of money capital and received forty shares of the capital stock; that the defendant M. C. Gehl contributed $3,000, consisting of the assets of his former business, and received therefor thirty shares of the capital stock, which was issued, at his request, to his wife, Mary E. Gehl, and his brother-in-law, Salick, and is now held by them in trust for him; that the defendant M. C. Gehl falsely and fraudulently represented that the good will of his former business was valuable and worth at least $1,000, and thereby induced the plaintiff and the corporation to issue therefor ten shares of capital stock, which were issued to said defendants Mary E. Gehl and Otto T. Salick and are now held by them on like trust; that said M. C. Gehl also procured to be issued, for no consideration whatever, one additional share of stock to himself, which he now holds; that in fact the good will was valueless and said eleven shares of stock issued without value and illegally; that it was agreed at the time of the organization of the corporation, and as part consideration for his contribution of capital, that the plaintiff should be president of the corporation and be employed thereby at a salary of not less than

$60 per month; that he was so elected president, and that M. C. Gehl was chosen secretary and treasurer, and the defendant Mary E. Gehl vice-president, and the three were chosen directors; that plaintiff faithfully performed his duties as president and employee, but that the defendant M. C. Gehl is attempting to drive him out of connection with said business and force him to resign his position as president, in various ways, and is threatening to injure and wreck the business of the corporation so as to render plaintiff's stock valueless, and is proceeding to hold a meeting of directors, where, by virtue of the majority of himself and wife on the board, he proposes and threatens to call a meeting of stockholders, and thereat to so vote the eleven shares of stock unlawfully issued to him as to change the date of the annual meeting so as to enable immediate exclusion of the plaintiff from his office of president and his participation in the business of the corporation and deprive him of his salary therefor. The prayer is that these eleven alleged fraudulent shares of stock be adjudged to be void and ordered canceled upon the books of the corporation; that the defendants be enjoined from changing the by-laws and from holding the proposed meeting of stockholders in December, 1906, and from voting at any meeting of stockholders such illegal stock; also, that "a receiver may be appointed of the property of the corporation with the usual powers of receivers in such cases made and provided for the purpose of winding up the affairs and business of such corporation;" and for general relief.

The counterclaim, contained in separate answer of the *M. C. Gehl Company,* asserts that the corporation secured an option upon a certain tract of land at a price of $4,000 and paid thereon $200; that later, it being unable to pay the balance, the plaintiff paid it and took title to the land, upon an agreement variously stated, either to hold the property in trust for the corporation upon reimbursement of the cost, interest, and expenses, or as a loan, to secure which the title

was taken in the plaintiff, as a mortgage; that the plaintiff has repudiated all rights of the defendant corporation in said property and claims and insists that he owns the same absolutely; that the property has increased largely in value, and by plaintiff's claim the corporation will be deprived of several thousand dollars value of its equity of redemption; that at one time it offered to repay to plaintiff the $3,800 paid by him, together with compound interest at the rate of five per cent., and all sums which the plaintiff had paid for taxes or otherwise in connection with said real estate, which offer the plaintiff refused, and that he still refuses to give the corporation a deed. The prayer of the counterclaim is for judgment adjudging the equity of redemption in the defendant corporation, that plaintiff be adjudged to have no right or interest therein, but that the title be adjudged in the defendant, and that the plaintiff by reason of said conduct be ousted from the presidency and directorship of the corporation, and for general relief.

*A. J. Eimermann,* for the appellant.

*John H. Paul,* for the respondents.

DODGE, J. Before considering whether the counterclaim is pleadable as such, it is necessary to ascertain what is the plaintiff's cause of action. The obvious primary complaint is that the defendants have obtained from the corporation and hold stock to which they have no right and which, therefore, ought to be canceled. This is clearly a right of action belonging to the corporation. It is the person primarily injured by the ostensible existence of full-paid stock, at once constituting an apparent liability and subjecting its management and policy to unwarranted control, or at least influence, by the holders of this fictitious evidence of ownership. Such right of action may, of course, be enforced by plaintiff, a stockholder, in behalf of the corporation, when, as alleged, the conduct of the latter is controlled by the defendants. *Land,*

*L. & L. Co. v. McIntyre,* 100 Wis. 245, 75 N. W. 964; *Jenkins v. Bradley,* 104 Wis. 540, 551, 80 N. W. 1025. All the other allegations of the complaint, though disclosing misconduct of officers which might suggest an action under sec. 3237, Stats. (1898), to remove them, are at least equally consistent with a purpose to declare the manner and degree in which the possession of the fictitious stock is injurious or threatening. Such purpose would, we are sure, be naturally inferred but for the prayer for a receiver to sequestrate and distribute the property of the corporation. Can we, from that alone, reasonably deduce an intention to state an additional and separate cause of action either, under sec. 3237, Stats. (1898), to remove misbehaving officers or to reclaim property by such officers misappropriated, or, apart from such section, to wind up the corporation? In the first place the complaint nowhere declares any separation of causes of action, as required by sec. 2647, Stats. (1898). This omission is at least significant of absence of intention to plead any additional cause. *Luther v. C. J. Luther Co.* 118 Wis. 112, 126, 94 N. W. 69; *Earley v. Winn,* 129 Wis. 291, 308, 109 N. W. 633. When to the considerations above stated is added the entire absence of prayer for any of the relief authorized by sec. 3237, Stats. (1898), we are convinced that not even the utmost liberality of construction discloses any cause of action for such relief, although some facts are stated which might support it. On the other hand, while the prayer of the complaint does ask that the corporation be wound up and its property sequestrated and distributed, no facts are alleged to support such a cause of action. The corporation is not insolvent, nor plaintiff a creditor, to warrant relief under sec. 3216, Stats. (1898). Neither does plaintiff show any right to sue under sec. 3241, Stats. (1898), to annul the corporation. Save within the field of one or other of those sections a mere stockholder has no cause of action, in equity, to annul or dissolve a corporation and sell and divide its property.

*Strong v. McCagg,* 55 Wis. 624, 13 N. W. 895; *Hinckley v. Pfister,* 83 Wis. 64, 53 N. W. 21. Hence we conclude that the only cause of action set forth in the complaint is that first above stated, to procure the cancellation of the illegal stock and prevent its abuse by the unlawful holders. *Luther v. C. J. Luther Co., supra.*

This conclusion being reached, the next question is as to the pleadability of the counterclaim thereto, or rather of either counterclaim, for defendant claims it has two: one to declare the corporation's rights in the real estate, and another to remove plaintiff from office for misconduct substantially within sec. 3237. This force for the pleading would involve disobedience of sec. 2647, and the decisions under it above cited; but we shall not stop to consider it now, for we deem it immaterial. The statute—sec. 2656, Stats. (1898)—requires of a counterclaim either that it arise "out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim," or that it be "connected with the subject of the action." That neither of the suggested counterclaims arises out of the contract or transaction of fraudulently obtaining an original issue of stock, or that of using the voting power of that stock to the injury of the corporation, or of the plaintiff's right as a stockholder, is too plain to warrant more than statement. There is no identity, save in the parties between whom the distinct transactions occurred. Is there any connection with the subject of the action? The expression "subject of the action" has evoked many attempts at definition. That which has received latest approval in this court is: "The subject of plaintiff's action is his right and the invasion of that right by the defendant." *Telulah P. Co. v. Patten P. Co., ante,* p. 425, 112 N. W. 522, 524, citing *Mulberger v. Koenig,* 62 Wis. 558, 22 N. W. 745; *Grignon v. Black,* 76 Wis. 674, 45 N. W. 122, 938. Illustrative cases of claims held not counterclaims, though having connection either with the physical property or with the relief involved

in the plaintiff's action are *Tallman v. Barnes,* 54 Wis. 181, 11 N. W. 478; *Kuhn v. Sol. Heavenrich Co.* 115 Wis. 447, 456, 91 N. W. 994; *Stolze v. Torrison,* 118 Wis. 315, 95 N. W. 114. Applying the above definition to the present situation, the plaintiff's right is the right of the corporation that none of its capital stock should be issued or be outstanding contrary to law, and that no privilege should be enjoyed by holders of such unlawful stock, and the infringement of that right, present and threatened, by the defendants. Obviously no connection with or relevancy to such subject can be discovered in a claim that plaintiff or any one else holds property in trust for the corporation or as mortgagee and denies the corporation's alleged rights; or that plaintiff or any one else is abusing his position as president or director in some manner not related to the illegal stock or its use. Either such claim depends on an entirely distinct and disconnected right of the corporation and invasion thereof. No such claim, if established, could in any wise affect, modify, or defeat either the right of the corporation that the illegal stock should be canceled or the liability of the holders thereof to surrender it and refrain from exercising any privileges by reason of it. This latter consideration has often been held to exclude counterclaims, which it is declared can be pleaded only when they "will defeat or in some way qualify the judgment to which plaintiff is otherwise entitled." *Dietrich v. Koch,* 35 Wis. 618; *Kaukauna E. L. Co. v. Kaukauna,* 114 Wis. 327, 343, 89 N. W. 542; *Stolze v. Torrison, supra.*

We conclude that the counterclaim is not pleadable as such against the cause of action stated in the complaint, and that the demurrer thereto on that ground should have been sustained. Such conclusion renders unnecessary consideration of other grounds of demurrer.

*By the Court.*—Order appealed from reversed, and cause remanded with directions to sustain the demurrer to the counterclaim of defendant *M. C. Gehl Company.*